187 So.2d 560

**Donald L. TAYLOR pro ami**

**v.**

**C. C. BASS, as Administrator.**

**4 Div. 249.**

Supreme Court of Alabama.

June 2, 1966.

Tipler & Fuller, Andalusia, for appellant.

Albrittons & Rankin, Andalusia, for appellee.

MERRILL, Justice.

This appeal results from the taking of a nonsuit by plaintiff as a result of the court's rulings that the plaintiff could not testify as to facts and circumstances surrounding the collision in which the defendant's intestate, Joseph Morrow, the driver of the automobile in which plaintiff was riding, was killed.

The automobile belonged to the father of the plaintiff. Plaintiff and Joseph Morrow, a friend, were in the vehicle and Morrow was driving. The automobile collided with another vehicle. Morrow was killed and plaintiff was seriously injured. Plaintiff sued the administrator of Morrow's estate, charging simple negligence in one count and wantonness in the other.

The basic question here is whether, as a matter of law, from the stipulated facts, plaintiff was either a guest or a passenger in the car at the time of the accident. Plaintiff maintains that his status was a question of fact, while appellee contends it was a question of law. Both sides agree that plaintiff would not be entitled to recover if plaintiff was neither a guest nor a passenger. The trial court concluded that, as a matter of law, plaintiff was neither.

The record shows how the issue was presented:

"IN THE JUDGE'S CHAMBERS

"THE COURT: Let the record show that the suit is stated in the complaint and shows that it is brought against a deceased driver, and that on the trial the plaintiff's attorney asked certain questions of the plaintiff who had been called as a witness pertaining to the accident, and that the defendant objected to those questions, and the Court sustained the objections, and on motion of the plaintiff, the Court adjourned to chambers to hear argument; that in chambers the Court stated to counsel for both sides that since the complaint showed on its face that the driver of the automobile in which the plaintiff was riding is now deceased, that it would be necessary for the plaintiff, before he could testify as to the details of the accident, to prove some facts which would establish that the plaintiff was either a passenger or guest in the automobile being driven by defendant's intestate; that counsel for the plaintiff made known to the Court that if the record were put in shape to properly present to the Supreme Court the question of the correctness of the ruling of the Court, that he would take a non-suit and appeal because of the adverse ruling of the Court; that in chambers, counsel for plaintiff and counsel for defendant agreed to stipulate that on the occasions complained of the defendant's intestate was driving an automobile that belonged to the plaintiff's father, and which on the occasion of the wreck or accident that the plaintiff had been permitted by his father to use. It was further stipulated between the parties as follows:

"STIPULATION

"At the time and place alleged in the complaint, the plaintiff and defendant's intestate Joseph Morrow, deceased, both of whom were about seventeen (17) years of age and residents of Opp, Alabama, were the sole occupants of an automobile being driven in an easterly direction from Andalusia, to Opp. The automobile occupied by the parties was being driven on the right side of the road in the direction in which it was pro-

ceeding as it approached the crest of Yellow River hill. As the automobile reached the crest of the hill and while in a no passing zone, it met another automobile being driven in a westerly direction on its wrong or left side of the road resulting in a head on collision in which defendant's intestate was killed and the plaintiff seriously injured. The driver of the other car as well as its other two occupants and the driver of a pulpwood truck which was proceeding in a westerly direction and being passed by the other car at the time of the accident were all eye witnesses to the accident and were present in court as witnesses. Also the driver of another car proceeding in an easterly direction was an eye witness to the accident and present in court as a witness.

"The automobile occupied by plaintiff and defendant's intestate belonged to plaintiff's father who had given his son permission to use it on the occasion in question. The plaintiff drove the car from Opp to Andalusia, then returned to Opp and again back to Andalusia.

"Had he been allowed to do so over defendant's objection, the plaintiff would have testified in substance as follows:

"That on the morning of the day of the accident, he obtained his father's car with his permission and went by Joe Morrow's house and picked him up. They had previously made plans to come to Andalusia on that day (a Sunday) and date some girls. Plaintiff drove the car to Andalusia about 11:30 A.M. and upon arrival they picked up their dates and after riding around Andalusia for awhile, drove over to Opp where they stopped at the Dairy Queen and had malts and hamburgers. After that they drove to a service station, bought some gasoline and from there drove back to Andalusia where they took their dates to their respective homes. During all of this time, plaintiff had been driving the automobile. After delivering their dates to their re-

spective homes, plaintiff got in the back seat of the automobile and allowed Joe Morrow to drive. Plaintiff was awake at all times and observed the manner in which Joe Morrow was driving the automobile. Very shortly before the accident, Joe Morrow passed another car (in a passing zone) proceeding in the same direction and the girls in that car waved to plaintiff who was still in the back seat on the right hand side. Plaintiff looked back towards the car. Joe Morrow looked back at that time. That at the time he was driving about 70 miles per hour. Joe Morrow was driving in his right lane of the highway and in a no passing zone at that time and when the plaintiff looked forward again, an on-coming car traveling in the opposite direction suddenly loomed up before them in its wrong lane of traffic and the cars met head-on.

"Thereupon the Court stated that it would deny the plaintiff the right to testify as a witness in his own behalf; that at the time of the wreck, the automobile was being driven by the defendant's intestate, Joseph Morrow, and would refuse to permit the plaintiff to testify in his own behalf as to any facts concerning the conduct of the defendant's intestate in and about the operation of the automobile at that time or as to any conversation between them because it was the opinion of the Court that under the stipulation between the parties, the plaintiff was neither a passenger or guest in the automobile at the time of the accident and therefore, the plaintiff was prohibited from testifying as to such matter by virtue of the provisions of the so-called dead man's statute.

"Thereupon the plaintiff took a non-suit with a Bill of Exceptions."

Both counts of the complaint allege that plaintiff was riding in the automobile as a "passenger" while it was being operated by Morrow, the deceased.

If plaintiff were a passenger, as used in automobile law, both counts would be per-

tinent, and if a guest, the wanton count would be pertinent under our guest statute, Tit. 36, § 95, Code 1940.

■ Where a parent, the owner of an automobile, loans or bails it to a son for the taking of a trip, the son is in charge of the automobile, has control of it and stands in the shoes of the owner. Harrison v. Carroll, D.C., 49 F.Supp. 283, 4 Cir., 139 F.2d 427, and cases there cited. Any reference to the "owner" in further discussion in this case necessarily includes plaintiff, the son of the owner.

■ Proof of ownership of an automobile "raises a presumption, in automobile injury cases, that the machine was at the time of the accident, the owner being then and there present, under the owner's control or was being driven by him, and the burden of rebutting this presumption passes to such owner." Stanley v. Hayes, 276 Ala. 532, 165 So.2d 84, and cases there cited. The same rule would also apply to a bailee of the owner.

In Vol. 4 (Part I), Blashfield's Cyclopedia of Automobile Law and Practice, § 2291, p. 301, we read:

"The term 'passenger,' as used in automobile law, signifies some person rightfully taking passage in, without exercising control over the management of, a motor vehicle, as distinguished from the operator or person responsible at the time for its operation. One who, although neither owner nor driver, has complete control of the automobile and its operation on the particular trip and at the particular time when the injury occurs, is not a guest or passenger therein."

See Strickland v. Davis, 221 Ala. 247, 128 So. 233; Peery v. Mershon, 149 Fla. 351, 5 So.2d 694.

In Ray v. Hanisch, 147 Cal.App.2d 742, 306 P.2d 30, the owner plaintiff was riding in his own car which was being driven by the defendant as the two were going on a fishing trip together. The Supreme Court of California affirmed the judgment of the lower court sustaining demurrers to the two counts of the complaint. After reviewing authorities from other states, the court concluded that the mere fact that plaintiff was riding in her own car while it was driven by defendant, her friend, did not classify the plaintiff as a guest within the meaning of the guest statute. The opinion quotes with approval from a Pennsylvania case, Beam v. Pittsburgh Rys. Co., 366 Pa. 360, 77 A.2d 634: "It would be flying in the face of all the authorities to hold that merely by allowing Shook [the friend of the owner] to drive the car Beam [the owner] made him a bailee of the automobile and completely abnegated his right of control over the operation of his own car."

■ Applying these principles to the stipulated facts, it appears that plaintiff, standing in the shoes of the owner, was not a guest or a passenger as defined in this type of case. Even though Morrow, the defendant's intestate, was driving the automobile, the presumption was that the plaintiff still exercised the management and control of the vehicle. The trial court correctly ruled that plaintiff would have to prove some facts which would establish that plaintiff was either a passenger or guest in the automobile before he would be allowed to testify as to the details of the accident.

Title 7, § 433, Code 1940, often referred to as the "dead man's statute" provides:

"In civil suits and proceedings, there must be no exclusion of any witness because he is a party, or interested in the issue tried, except that no person having a pecuniary interest in the result of the suit or proceeding shall be allowed to testify against the party to whom his interest is opposed, as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the suit or proceeding, or when such deceased person, at the time of such transaction or statement, acted in any

representative or fiduciary relation whatsoever to the party against whom such testimony is sought to be introduced, unless called to testify thereto by the party to whom such interest is opposed, or unless the testimony of such deceased person in relation to such transaction or statement is introduced in evidence by the party whose interest is opposed to that of the witness, or has been taken and is on file in the cause. No person who is an incompetent witness under this section shall make himself competent by transferring his interest to another."

■ We considered the application of this statute to a similar situation in Stanley v. Hayes, 276 Ala. 532, 165 So.2d 84. The chief difference there was that the owner was also the operator of the vehicle, while here the owner was an occupant and not the driver. In that case, we held that if the plaintiff occupant "was only a guest or passenger in the automobile, was not exercising any supervision or control over what the driver did or failed to do in the operation of the car, was free from any active fault in connection with such operation, and took no part in the occurrence other than to be present in the car as a guest or passenger when the accident occurred," she should be permitted to testify who was driving at the time of the accident, as to "facts and circumstances regarding the accident, the driver's movements and actions in operating and controlling the automobile, all within her observation and knowledge, but not to statements by or conversations with her." But if it should appear from the evidence without dispute that plaintiff was not a mere passenger or guest, or if either, she did exercise supervision or control, or was not free from active fault in connection with such operation, and took some part as a participant in the occurrence, "the trial judge should exclude from the jury on motion the evidence of the witness so admitted."

Under the stipulated facts in the instant case, the plaintiff had actual control and management of the automobile until a short time before the accident. Then "[a]fter delivering their dates to their respective homes, plaintiff got in the back seat of the automobile and allowed Joe Morrow to drive. Plaintiff was awake at all times and observed the manner in which Joe Morrow was driving the automobile." This is not enough to rebut the presumption that plaintiff was still in control. This certainly did not change plaintiff's status to that as guest or a passenger.

Applying the holding in Stanley v. Hayes, 276 Ala. 532, 165 So.2d 84, even had plaintiff been allowed to testify as to the facts and circumstances, the court would have had to exclude such evidence or charged the jury to disregard it. The trial court did not err in the ruling superinducing the nonsuit.

■ The only other assignment of error requiring mention is that the court erred in refusing to allow into evidence the deposition of the plaintiff which had been taken by the defendant prior to the trial.

While there may be more than one reason to support the ruling of the trial court, it is sufficient to say that on an appeal from a judgment of nonsuit, the statute, Tit. 7, § 819, Code 1940, does not authorize the review of questions or rulings which did not superinduce the nonsuit. A plaintiff "cannot use a nonsuit so as to review rulings anterior to the one causing the nonsuit, and is confined to the right to assign error only as to the ruling which superinduced the 'nonsuit.'" Engle v. Patterson, 167 Ala. 117, 52 So. 397; Carter v. City of Gadsden, 264 Ala. 544, 88 So.2d 689.

■ Here, the record conclusively shows that the rulings of the court which superinduced the taking of the nonsuit were those wherein the plaintiff was not permitted to testify as to the actions of the deceased in connection with the accident, until he had first shown that he was either a guest or a passenger in the automobile

over which he had the right of management and control.

Affirmed.

LIVINGSTON, C. J., COLEMAN and HARWOOD, JJ., concur.