259 So.2d 269

**Wayman B. BERRY and Kathryn A. Berry**

v.

**CITY OF HUNTSVILLE, a Municipal Corporation.**

**8 Div. 46.**

Court of Civil Appeals of Alabama.

Nov. 24, 1971.

Rehearing Denied Dec. 29, 1971.

Morring, Giles, Willisson, Jefferson & Weir, Huntsville, for appellee.

———◦———

Watts, Salmon, Roberts & Stephens, Huntsville, for appellants.

BRADLEY, Judge.

On rehearing, the original opinion in this case is withdrawn and the following is substituted therefor as the opinion of the Court.

The appeal here results from a voluntary non-suit taken in the trial court pursuant to the provisions of Title 7, Section 819, Code of Alabama 1940, as Recompiled 1958.

The appellants had taken a statutory appeal to the Circuit Court of Madison County from a final assessment made by the City of Huntsville for the installation of a sanitary sewer contiguous to their property, and during the course of the trial of the appeal, had moved for a non-suit which was granted. The City of Huntsville had imposed the public improvement assessment against appellants according to the authority reposed in municipalities by Title 37, Section 515, Code of Alabama 1940, as Recompiled 1958.

The transcript of the proceedings had before the Council of the City of Huntsville as set out in the record of this case shows that Improvement Ordinance No. 64–81 was adopted by the Council on March 26, 1964. The ordinance authorized the placing of a sewer line through a subdivision of said city wherein was located appellants' property.

After a notice of the proposed assessment was published, a protest meeting was held on April 21, 1964.

There was a petition filed with the Council, signed by 80% of the affected property owners objecting to the proposed sewer work, mainly on the ground that the sewer system was not needed at that time.

Thereafter a contract was awarded on May 28, 1964 for the construction of the sewer lines.

Final assessment against appellants' property was entered on January 13, 1966 in the amount of $609.56, and the transcript reflects that no objection, either written or oral, was made to the final assessment that was made against each parcel of property affected by the sewer improvement project.

Declaration of appeal to the Circuit Court was filed on February 2, 1966, and a transcript of the proceedings before the Council relative to Ordinance 64–81 was filed in said court and served the purpose of a complaint. See Cox v. City of Birmingham, 21 Ala.App. 341, 108 So. 622.

There was a motion by appellants to have certain portions of the transcript stricken. The motion was overruled; whereupon the City amended the transcript and appellants refiled their motion to strike. That motion was also overruled. Appellants then demurred to the transcript, and the demurrer was overruled. An answer was filed which contained fifteen pleas. Demurrers were filed to the pleas, with demurrers to pleas 1, 2, 4 and 13 being overruled and the remainder being sustained. There followed a motion to dismiss the whole appeal, and it was overruled.

At the conclusion of the testimony of the witness Paul Byrge, who was the first witness for the City, appellants moved for a non-suit.

The order granting the non-suit recited the various rulings of the trial court which induced the request for the non-suit, and they are as follows:

1. The trial court's statement to the jury that the question of cost was not an issue.

2. Adverse rulings to requests for further answers to interrogatories propounded to the City.

3. Adverse rulings by the trial court during the interrogation of the witness Paul Byrge whereby appellants were trying to develop the details of the overall cost of the sewer project and the appor-

tionment of that cost to putting the sewer in place contiguous to appellants' property.

4. Overruling the appellants' motion to strike portions of the transcript of the Council's proceedings.

5. Overruling appellants' objection to admission of certain portions of that transcript.

From the order granting the non-suit, appellants have appealed to this court.

■ In ascertaining what issues are before us for decision, we would point out that only those rulings of the trial court which made it necessary for appellants to suffer a non-suit may be reviewed on appeal and are the only rulings that may be made the proper subject of assignments of error. Wartensleben v. Haithcock, 80 Ala. 565, 1 So. 38; and Taylor v. Bass, 279 Ala. 518, 187 So.2d 560.

■ We have paraphrased above the rulings of the trial court which were listed in the order of non-suit as being the rulings which induced the non-suit; and these rulings of the trial court are the only rulings that can be assigned as error in this case for the reason that inclusion in the order of non-suit makes them exclusive of all other rulings not so included. Calvert Fire Ins. Co. v. Maddox, 38 Ala.App. 194, 82 So.2d 277; and Almon v. Commission of Education of Cullman County, 265 Ala. 489, 92 So.2d 35.

■ The appeal here is from the judgment of non-suit, which said judgment recited the rulings that induced the non-suit, and is not an appeal from a non-suit suffered because of the cumulative effect of several rulings on the pleadings, although there were several assignments of error based on rulings on the pleadings. The rulings on the pleadings were not recited in the order of non-suit, and inasmuch as our review is limited to said recitals, the rulings on the pleadings, as assignments of error, are not before us for review.

The Supreme Court has said that an appeal from a non-suit is not intended to authorize a review of all the trial court's rulings made during a trial without the trial terminating in a final judgment. To do so would allow a premature clean-up job by the appellate courts of a lawsuit. The statute did not intend such a result. Only those rulings causing the non-suit are subject to review, and, in the case before us, review is further limited to those rulings set out in the order of non-suit.

Since the rulings on the pleadings are not reviewable, assignments of error 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 based on the rulings will not be considered.

■ Assignments of error 2, 3, 4, 21, 30, 31 and 32 were not argued and are deemed waived. Rule 9, Supreme Court Rules.

Our review of this case will be confined to two issues:

1. Is cost of the public improvement an issue to be considered by the Circuit Court on appeal from a final assessment for such improvement where no objection was made by the appellants to the final assessment? This question is embodied in assignments of error 24, 25, 26, 27, 28 and 29.

2. Are the minutes of the City Council meeting or any part thereof subject to being stricken from the transcript where said transcript is the complaint on appeal to the Circuit Court and also is to be considered prima facie evidence of the validity of the assessment? This question is based on assignments of error 1, 17, 18, 19, 20, 22 and 23.

The appellants contend that the issue before the Circuit Court involved not only the question of whether the assessment equaled the increased value of the property due to the special benefits derived from the improvement, but also whether the assessment was in excess of the cost of said improvement.

Consequently, we must determine if cost is available as an issue in this case, espe-

cially where there was no protest made to the final assessment from which the appeal was taken to the Circuit Court.

We are aware that under Alabama practice the issues are usually framed by the pleadings; but we are also cognizant of Title 37, Section 550, Code of Alabama 1940, as Recompiled 1958, which dispenses with formal pleadings in this type of proceeding and authorizes the court to hear the case on the record made before the City Council, but with the stipulation that the court hear all objections of the property owner to the assessment and the amount thereof.

In support of their contention that cost of the improvement was as much an issue in the Circuit Court as was the issue of increased value, the appellants state that Section 223 of the Alabama Constitution of 1901, Title 37, Section 513, Code of Alabama 1940, as Recompiled 1958, and Ordinance No. 64–81, prohibit the assessment from exceeding the cost.

■ It is true that the assessment cannot exceed the costs of the improvement project. Cox v. City of Birmingham, supra; and Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325.

Also, Title 37, Section 519, Code of Alabama 1940, as Recompiled 1958, provides the items of an improvement project that can be properly and legally included in the cost that is assessable against the property improved by said project.

■ But, the first question we have to consider here is not the cost issue, but whether or not the cost issue was so raised, either before the City Council or before the Circuit Court, that we can now review the propriety of allowing or disallowing it as an issue.

The objection that was made by the appellants before the City Council was directed to the propriety of the initial ordinance (64–81) promulgated by the Council advising property owners of the intended improve-

ment project. Appellants did not make an objection, either written or oral, to the final assessment as envisioned by Section 535 of Title 37, Code of Alabama 1940, as Recompiled 1958.

Section 535 provides as follows:

"The owner or owners of any real estate or any interest therein, which it is proposed to assess for the cost, or any part thereof, of said improvement, may appear at any time on or before the date named in said notice, or at said meeting, and file in writing with the clerk or in his office any objections or defense to the proposed assessment against said property, or to the amount thereof, and persons who do not file objections or protests in writing against such assessment shall be held to have consented to the same."

It was decided in City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, by our Supreme Court that our statute (Title 37, Chapter 11, Code of Alabama 1940, as Recompiled 1958), authorizing municipalities to impose assessments on real property for the cost of improvements relating thereto, evinces a scheme " * * * to conclude the property owner unless he appears to contest the final assessment * * *." The court further stated:

"As for the right to confirm, amend, modify, or rescind the original ordinance or resolution, the first hearing provided for by the statute is not jurisdictional, but advisory only. The statute does not contemplate at this point that any objections or protests going to the validity of the ultimate assessment shall be determined. It affords to property owners in general an opportunity to present in advance such objections as they may deem proper to the policy of constructing the work at all or in the manner proposed.

\* \* \* \* \* \*

"Now the statute, after providing for the preparation of the assessment roll, by which for the first time the expense of the improvement is spread over the property, the proceeding is individualized and

given the character of a judicial proceeding to fasten a lien for a specific amount upon a specific parcel of property, and, after providing for due process by requiring notice of the proceeding, provides a competent tribunal with power to judicially determine all questions arising by requiring that 'the council will meet to hear and determine any objections or defense that may be filed to such assessments or the amount thereof,' and further determines the judicial nature of the finding by providing that 'persons who do not file objections in writing or protests against such assessments shall be held to have consented to the same.' "

The Supreme Court then held that a final assessment made without objections having been interposed as required by Section 535 was a valid assessment, the correctness of which could not be contested by collateral attack absent an allegation of fraud.

Then, the Supreme Court, in Hill Realty Co. v. City of Mountain Brook, 276 Ala. 191, 160 So.2d 475, without mentioning the *Wills* case, decided that a written objection, albeit very general, made at the first protest hearing held after the initial improvement ordinance satisfied the requirements of Section 535. This is completely contrary to the holding in *Wills*, for there the Supreme Court said the first protest hearing was for the sole purpose of advising or counseling with the city governing body as to whether it should go forward with the improvement project or not. In essence, the idea was to give to the City governing body the thinking of that segment of the city population to be affected by the project.

It is obvious that at such time no contract has been let, and in all probability, bids have not been taken, no construction has taken place, and certainly no final costs have been arrived at for apportionment amongst the affected property owners.

How could reasonable and intelligent objections be interposed to the final assessment at this stage of the proceedings before the City Council? We do not think they

could be, and we do not think they were intended to be made at this time.

A careful examination of the various steps and procedures to be followed by the City governing body as outlined in Chapter 11, supra, indicates a legislative scheme, if you will, for the municipality to follow so that it can complete the project it has undertaken and at the same time give to the affected property owners every opportunity to voice thieir objections if any they have to the project and to the way in which it is completed.

We believe this assessment to be in keeping with that made of Chapter 11 by the Supreme Court in *Wills*, for it said there that all of the steps leading up to the notice of assessment and the assessment itself amounted to legislative grace, although any omissions therein could be later pointed out; but, at the final hearing—the one authorized by Section 535—"the council will meet to hear and determine any objections or defense that may be filed to such assessments or the amount thereof."

The Supreme Court then said that this is the stage where the Council becomes a judicial body, for it is then charged with the duty of hearing all objections to the assessment and the amount thereof at this time. This is when, for the first time, the individual property owner is assessed with a proportionate share of the costs of the improvement and given the concomitant right to object to the assessment or the amount thereof.

In essence, this is the property owner's last chance to contest the assessment with the City and the statute provides that his failure to object has the effect of impressing his consent on the correctness of the assessment and the amount thereof.

It has been decided many times that a general objection will satisfy the requirements of Section 535. Wallace v. City of Florence, 16 Ala.App. 506, 79 So. 267. But we believe such objection must be made at the time provided by the statute, i. e.,

Section 535, for the objection to be efficacious, notwithstanding the apparent conclusion in *Hill Realty Co.*, supra, that a written general objection made at the first hearing after the initial ordinance will satisfy the requirements of Section 535.

In the case at bar there were no objections, either oral or written, made to the final assessment by appellants, although they did join in making a general written objection to the initial improvement ordinance (64–81) in which they, in essence, stated that the sewer improvement project was not now needed.

Therefore, based on the authority of *Wills*, we consider the objection made in the case at bar not to have met the requirements of Section 535.

On appeal to the Circuit Court, the City of Huntsville filed a motion asking that the appeal be dismissed for this omission. The motion was overruled by said court and there was no cross-appeal therefrom or other objection made thereto in this court, and the correctness of said ruling is not before us for decision.

There being no objections filed with the Council concerning the assessment or its amount, and there being no objections made to the Circuit Court that were saved for review by this court (the rulings on the pleadings are not before this court for review), we consider the property owner on appeal to the Circuit Court to have been in the same situation as he was in before the Council, i. e., whatever objections he could have made to the Council relating to the assessment, he can now present to the Circuit Court on appeal. This would mean that the correctness of the assessment and the amount thereof would be valid issues for inquiry on appeal to the Circuit Court.

The Supreme Court in Stovall v. City of Jasper, 218 Ala. 282, 118 So. 467, said:

"The power delegated to municipalities to assess the cost of public improvements against the property benefited and within the class is a legislative taxing power, under constitutional limitations as we have indicated. Constitution, § 223. The assessment shall not exceed (1) the costs thereof or (2) the increased special benefits derived from the improvement, and (3) due process of law shall be provided and accorded, on due application to the owner in protection of property right. There being no estoppel as provided by § 2196 of the Code, for failure to file written objections and defenses, the circuit court on appeal will hear the property owner on his objections filed before the governing body of the municipality, on the evidence touching questions of fact: (1) Whether the assessment may be made against his property as part of the costs of an authorized public improvement; and (2) whether the amount assessed by the municipality is excessive, and is not an increased special benefit so resulting and derived from the improvement. This is necessary to due process. Section 2209, Code. At such hearing, the transcript from the municipality is the sufficient pleading to present the issues of fact, and its recitals and findings are, by legislative declaration, made prima facie correct, casting on the contestant the burden of proof; it is not indisputable. [Citations omitted.]

"* * * And when the assessment is made final [citation omitted], in a case where no fraud is duly pleaded and shown, the determination by the governing body is in nature judicial, and to the effect that such improvements shall be a charge upon the property benefited, as provided by statute, [citations omitted]; and upon appeal to the circuit court is merely a prima facie rule of evidence to the effect of the correctness of such assessment and 'that said property and person are justly indebted to the city or town for the amount of said assessment.'

"* * * That is to say, the prima facie presumption of correctness inhering in

the final assessment and apportionment of such cost of street pavement may be controverted by the evidence on the appeal, under the statutes and Constitution. * * *"

The cases of *Hood*, supra, and Hamrick v. Town of Albertville, 219 Ala. 465, 122 So. 448, are to like effect.

We consider Stovall, Hood and Hamrick to stand for the principle that so far as our Constitution and statutes are concerned, cost is an issue in a municipal improvement assessment case just as much as the special benefits accruing to the property as a result of the improvement project, so long as the cost items come within the purview of Section 519, supra, and the question arises in a case where these issues have either been timely raised by objection before the Council or before the court, or been allowed to become an issue in a situation such as the one now before us.

The trial court, in the case at bar, refused to permit inquiry into the issue of cost, and by so doing, it erred.

The second issue presented by this appeal is whether it was error for the trial court to refuse to permit certain parts of the transcript of the proceedings before the City Council to be stricken.

The contention by the appellants is that the portion of the transcript sought to be stricken was those minutes which were not transcribed, thereby amounting to no more than scrivener's notes made by strangers to the proceedings, making them *res inter alios acta*.

Appellee says that the transcript and its contents merely comply with the statutory requirements applicable to such cases.

The pertinent statute (Title 37, Section 548, Code of Alabama 1940, as Recompiled 1958) provides that the Clerk of the Council shall send to the Clerk of the Circuit Court a transcript of the proceedings had before the Council relating to the assessment, "so far as the same concerns the property of the appellant."

The complained-of statements were those attributed to Dr. Gay, the county health officer. His comments were, in substance, that the sewer was needed because there was no outfall near the area and the septic tanks could not be expected to function satisfactorily longer than three to five years. The statements attributed to Dr. Gay were not verbatim statements taken at the time they were uttered, but were a condensed version of what he had said at the meeting.

The trial court stated in response to the motion to strike portions of the transcript, that it would let it all go to the jury.

In deciding whether the trial court erred in refusing to strike certain enumerated portions of the transcript compiled before the City Council, we would first say that we are not here concerned with the motives of the Council which prompted it to enact Ordinance 64–81.

The cases are quite clear on the point that the power to assess property owners for public improvements is a legislative power delegated to a municipality for the purpose of effectuating the improvements it deems necessary. Stovall v. City of Jasper, supra, and Water Works and Sanitary Sewer Board of Montgomery v. Sullivan, 260 Ala. 214, 69 So.2d 709.

And, due process is satisfied where there has been a proper exercise of the powers delegated in the appropriate statutes. Ex parte Gudenrath, 194 Ala. 568, 69 So. 629; and Ragsdale v. City of Florence, 202 Ala. 642, 81 So. 584.

Moreover, the transcript should reflect the exercise of that authority by setting out the various steps in the legislative process that have been undertaken by the City Council, and any matter appearing therein other than these required acts of the Council have no prima facie validity. Anderson v. City of Vestavia Hills, 272 Ala. 128, 130 So.2d 341.

Hence, any statements, comments, or remarks by anyone not applying to or concerning the appellants' property are immaterial and irrelevant.

Futhermore, the motives of the Council in undertaking the project in the first place are not open to challenge for this is a valid exercise of legislative authority. Hamrick v. Town of Albertville, supra.

Inasmuch as the portion of the transcript sought to be stricken was immaterial and irrelevant to the appeal, the ruling of the trial court thereon was not so prejudicial as to require a reversal of this case.

For the error committed by the trial court in refusing to permit the issue of cost as delineated by this opinion to be inquired into on the appeal to the Circuit Court, this case is reversed and remanded.

Reversed and remanded.