This case is before us as a result of an appeal from a directed verdict granted in favor of Cooper Chevrolet, Inc., (Cooper Chevrolet) by the Circuit Court of Calhoun *Page 50 
County. The plaintiff, Jack G. Smith (Smith) is the owner of a GMC Jim-Jimmy four-wheel drive vehicle that was involved in an accident and required repairs. It is undisputed that plaintiff left his vehicle with Cooper Chevrolet on four occasions. Smith had sued Cooper Chevrolet for damages for conversion because it refused to surrender possession of plaintiff's vehicle, claiming it had a possessory mechanic's lien for work performed. The trial court found that Cooper Chevrolet, indeed, had such a lien and had not waived it.
The first contact that Smith had with Cooper Chevrolet was in early 1979. At that time he asked them to repair the GMC vehicle by putting a new frame on the right side, a fender, a hood, the fan which goes to the motor, a radiator, and some door work. This work was required by Smith's accident, but in addition thereto, Smith required Cooper Chevrolet to repair the power steering gear box of the vehicle.
Smith had insurance covering his property damages arising from the accident. At some point in time during Smith's transactions with Cooper Chevrolet, his insurance carrier had made a check payable to Citi-Banc (the mortgage holder on the vehicle), Cooper Chevrolet, and Smith in the amount of about $2,100.00.
After Smith's truck had been in the possession of Cooper Chevrolet for eight weeks, Smith went to pick it up. We believe the following statements made by Smith summarize succinctly his position, as well as the position of Cooper Chevrolet:
 He said that it was fixed is the reason I picked the truck up. It was on Friday evening, you know, and I had just got paid, and I went down there to pick it up. Mr. Green was busy with somebody and I asked them was it all right if I went to get my check cashed, my payroll check cashed. He said yeah; so it was almost closing time. Then by the time I got back down there they had done closed. When I got the check cashed and got back down there, they were closed. I drove it over the weekend and carried it back Monday. [Emphasis added.]
Smith stated further, concerning the events of that Friday evening:
 It was Friday evening when I picked it up and I drove it to get my check cashed and I noticed a bunch of noise coming from the right front end, you know. Some of the emblems were missing, and the bumper needed adjusting, the antennae [sic] was not on there, the doors needed adjusting. I noticed all of that, you know, immediately; so, I took it back the following Monday morning.
After Smith's truck had been with Cooper Chevrolet for a couple of weeks, he came to pick it up a second time. He was told that he could not get the truck unless he paid for the repairs. Smith said that he needed the truck in order to get the endorsement of Citi-Banc on a check that was made payable to the bank, to him, and to Cooper Chevrolet. Thereupon Smith was allowed to take the check for the purpose stated, but he did not return for several weeks and when he did return, he claimed that the vehicle still had not been repaired. At this time Cooper Chevrolet again indicated that it would hold the truck for the repair bill and proceeded to put chains on the truck and attach those chains to its wrecker. Smith removed the chains and took the vehicle away.
On the last occasion Smith delivered the truck to Cooper Chevrolet, its agents again asserted the company's lien and still had possession of the truck at the time the trial court directed a verdict in favor of the company.
There is only one issue in this case: Did the trial court err in directing a verdict in Cooper Chevrolet's favor under the facts in this case? We answer in the negative and affirm.
In Perdue v. Mitchell, 373 So.2d 650 (Ala. 1979), this court said:
A directed verdict is proper in two circumstances:
 First, where there is a complete absence of pleading or proof on an issue or issues material to the cause of action or defense, and second, where there are *Page 51 
not any controverted issues of fact upon which reasonable men could differ [Citation Omitted]. Loeb and Co., Inc. v. Martin, 295 Ala. 262, 264, 327 So.2d 711, 712 (1976).
 ARCP 50, which establishes the directed verdict device, specifically incorporates the scintilla rule. The appellate court must, therefore, examine the record to see if there exists ". . . a mere gleam, glimmer, spark, the least particle, the smallest trace, or a scintilla in support of the theory of the complaint. . . ." Kilcrease v. Harris, 288 Ala. 245, 252, 259 So.2d 797, 802 (1972).
Perdue v. Mitchell, at 652-3.
At the outset, we agree with Smith that the common law possessory mechanic's lien as opposed to the statutory mechanic's lien, has vitality only if the mechanic retains possession, Code 1975, § 35-11-110. The statement contained in the old case of Alexander v. Mobile Auto Co., 200 Ala. 586,76 So. 944 (1917), still states good law:
 This common-law right to retain the property until the lien is discharged is waived or lost by a release of the property without enforcement. This rule does not authorize the artisan or machinist to thereafter retake the property and hold it under common-law right. Such a course was not sanctioned by the immemorial custom now relied on by plaintiff, and would easily invite breaches of the peace. Walden Auto Co. v. Mixon, 196 Ala. 346, 71 So. 694; Voss Co. v. Robertson Co., 46 Ala. 483; Mobile B. L. Ass'n. v. Robertson, 65 Ala. 382, 390; Lickbarron v. Mason, 6 East, 21, 27; White v. Smith, 44 N.J.Law, 105, 43 Am.Rep. 347; Mathias v. Sellers, 86 Pa. 486, 27 Am.Rep. 723; 25 Cyc. 675 (4); 4 Mod.Am.Law, p. 124.
Alexander, at 588, 76 So. 944.
But Smith cannot have his cake and eat it too. The doctrine of estoppel comes into play. Black's Law Dictionary, 494 (5th ed. 1979), says that when there is estoppel "the party is prevented by his own acts from claiming a right to [the] detriment of [the] other party who was entitled to rely on such conduct and has acted accordingly." In each of the three instances when Smith got possession of his vehicle, he acted in such a way that there was not even the slightest gleam, glimmer, spark, particle, trace or scintilla of evidence to support the claim that Cooper Chevrolet had in some way waived its mechanic's lien. On the first occasion, and this is probably the most important occasion because that was the time most of the work had been done, Smith asked permission to take the truck to get his payroll check. It is further undisputed that additional work was needed, which negates any conclusion that Cooper had waived its mechanic's lien, simply because the work was not completed. It is obvious that Smith thought this because he brought the vehicle back the same day, but found the business had closed. Furthermore, he brought it back the next business day.
On the second occasion, Cooper Chevrolet unequivocally asserted its lien because the work had been completed, and Smith asked permission to take the truck away to get the insurance check, which Cooper could reasonably expect was to be brought back to pay for the repairs. Obviously, again, because of the doctrine of estoppel, no waiver occurred.
On the third occasion Cooper Chevrolet again asserted its lien, but Smith took the vehicle by force when he removed the chains which the company's agents had attached to Smith's truck and its wrecker.
We hold that there cannot be a waiver or a release of a possessory mechanic's lien where the owner of the repaired property obtains possession from the lienholder by force or conditional surrender of the property for the benefit of the property owner. On the first occasion Smith got the truck to get his payroll check; on the second occasion he got it to get his insurance check; on the third occasion he forcefully took it. Under these circumstances, there can be no waiver, especially where the rights of third parties had not intervened.
This case is unlike Ray Hughes Chevrolet, Inc. v. Gordon,294 Ala. 638, 320 So.2d 652 *Page 52 
(1975). In that case, the plaintiff was unable to pay the amount of the repair bill and Ray Hughes Chevrolet worked out an arrangement whereby she could pay the bill in thirty days and released the car to her. This was an outright release of the mechanic's lien in exchange for an arrangement whereby payment would be made in thirty days. Six days after the release, plaintiff brought the car back on the ground that repairs had not been made satisfactorily, and the defendant then held the car, claiming a mechanic's lien. The facts in that case are easily distinguished from the facts in this case. There was an outright release in Hughes; there was a conditional release in the instant case. Floyd v. Rambo,250 Ala. 101, 33 So.2d 360 (1948). On this issue no reasonable men can differ and the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.