(79 South. 267)

**WALLACE v. CITY OF FLORENCE.**

(8 Div. 550.)

(Court of Appeals of Alabama. June 29, 1918.)

**MUNICIPAL CORPORATIONS ⟨⟩491 — ASSESSMENT FOR BENEFITS—FORM OF PROTEST.**

Under Code 1907, §§ 1381, 1394, where crude written protest against assessment for extension of city's sewer system was filed by property owner, which protest showed owner objected because property would not be benefited, etc., circuit court improperly, on city's motion, dismissed his appeal from the assessment.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Assessment proceeding by the City of Florence, wherein Y. A. Wallace filed protest, and, after assessment of benefits against his lots, perfected appeal to the circuit court, which was dismissed on the City's motion, and Wallace appeals. Reversed and remanded.

Geo. P. Jones and Williams & Roberts, all of Florence, for appellant, Mitchell & Hughston, of Florence, for appellee.

BRICKEN, J. By properly prepared and duly passed ordinances and resolutions, the city of Florence determined to extend its sanitary sewerage along certain streets, and they put the costs thereof upon owners of

abutting property, in proportion to the benefit to such property. Notices were given to the abutting owners to show cause why those assessments should not be levied upon their property. In fact, no question is raised on this appeal as to any preliminary steps taken prior to the assessment of benefits against abutting property. In due time, before assessment was made, Y. A. Wallace, the appellant, filed a crude protest, but in writing, with the proper officials, and after a hearing before the city council, and an assessment of benefits to his abutting lots, he perfected an appeal to the circuit court. The city filed a motion in the circuit court to dismiss the appeal, because:

"(1) That court had no jurisdiction because no legal objections to the assessment on defendant's property was filed in writing on or before the date named for fixing said assessment, and this is shown by the record. (2) The paper writing filed by the defendant and shown in the record specifies no ground of objection to the assessment. And (3) defendant has, as shown by the record, not complied with the requirements of law made a condition precedent to an appeal from a municipal improvement assessment."

The court granted the motion, and the property owner appeals, and presents the single question of his right to a hearing on the merits of his appeal.

The question seems to be one of first impression in this state, and, so far as our research has gone, has had treatment elsewhere, but incidentally. The insistence of appellee is that the so-called protest was of no informing worth, and presented no issues on which to base a trial. Giving effect to the plain terms of sections 1381 and 1394, Code 1907, it appears that the complaining property owner is entitled to have his day in court, and to have adjudicated the issue of special benefit to his property in proportion to the assessment put upon it. No technical words or form seem necessary to entitle him to this right. Furthermore, while crudely expressed, it clearly appears from the protest as filed by appellant, and to which no objection was raised on the proceedings before the commissioners, that he objected to said assessment because as a result thereof he would sustain a loss, and that his property would not be increased in value by reason of the special benefits derived from the construction of said sewer, and that said assessment would in fact amount to a confiscation of his property, etc.

But for the provisions of section 1381 as to the effect of failure to file written protest or objection, it would seem that the property owner might wait for action by the city council, and then without protest or objection have an appeal on the merits. Section 1394 dispenses with the necessity of any pleadings, leaves the issues to be stated by the court, requiring the court to hear all objections of the property owner, and to determine wheth-

er the assessment exceeds the increased value of such property by reason of the special benefits derived from the improvements. To provide or hold otherwise might present a serious constitutional question, when the provisions of section 235, Constitution 1901, are considered.

While the matter here presented is not directly involved by analogy the cases of City of Birmingham v. Willis, 178 Ala. 198, 59 South. 173, Ann. Cas. 1915B, 746, and Garner v. City of Anniston, 178 Ala. 430, 59 South. 654, would seem to sustain the view that the court erred in dismissing the appeal. Such is the opinion of this court. The judgment is, accordingly, reversed, and the cause is remanded, with directions to restore same to the circuit court docket, for trial in due course.

Reversed and remanded.