(96 South. 870)

## WILSON v. CITY OF RUSSELLVILLE.
### (8 Div. 432, 433, 455, 536–538, 575.)

(Supreme Court of Alabama.   June 9, 1923.)

**1. Appeal and error ⬪1042(1)—Striking of pleas held cured by subsequent agreement.**

The striking of the pleas of property owners in proceedings for the assessments for street improvements was not prejudicial to the property owners where the parties later agreed to plead in short by consent each and every ground of objection which the owners filed against the assessment.

**2. Municipal corporations ⬪491—General objection to special assessment not made on each lot sufficient. ·**

Under Code 1907, § 1381, providing that persons who do not file objections in writing or protest against an assessment for public improvements shall be held to have consented thereto, but not requiring the objection to specify the grounds, a general written objection by property owners at the hearing by the council is sufficient to entitle them to have the assessment set aside because not separately made on each separate lot as required by sections 1359–1420.

**3. Municipal corporations ⬪488, 489(8)—Statute relating to objections to assessment for improvements not construed beyond reasonable effect of its terms.**

Code 1907, § 1381, providing that property owners who fail to object in writing to the council against assessments for public improvements shall be held to have consented to the same cannot be construed beyond the reasonable fair effect of its terms, since it operates to conclude a property owner in respect of proceedings that subject his property to a lien.

Appeal from Circuit Court, Franklin County; Chas. P. Almon, Judge.

Proceeding by the City of Russellville to assess the property of C. E. Wilson, Sr., Wilson & Company, T. S. Jones, Essie Hall and others, T. S. Hyde, Nannie Hyde, and P. L. O'Reilly, for street improvements. From the judgments rendered, the property owners appeal. Reversed and remanded.

The assessment list is in this form:

| | |
|---|---:|
| T. S. Hyde | $1,008 30 |
| T. S. Jones | 1,713 01 |
| Fred Hall & Mrs. Essie Hall | 550 64 |
| Mrs. Nannie Hyde | 161 82 |
| Mrs. Nannie Hyde | 394 79 |
| C. E. Wilson, Sr | 1,210 88 |
| P. O. O'Reilly | 35 36 |

These grounds of objection, among others, were filed by the property owners:

That said assessment has not been made according to law; that said assessment roll does not describe the property against which said improvements are to be assessed.

W. L. Chenault, of Russellville, for appellants.

The assessment was not made separately against the separate lots, but was made in bulk, and was therefore void. Code 1907, § 1375; Decatur Land Co. v. New Decatur, 198 Ala. 293, 73 South. 509; City of Selma v. Hobbs, 207 Ala. 420, 92 South. 900; City of Birmingham v. Wills, 178 Ala. 198, 59 South. 173, Ann. Cas. 1915B, 746.

Travis Williams and Wm. Stell, both of Russellville, for appellee.

The appellant having failed to make objection that the assessments were made in solido, is held to have waived such objection. Code 1907, § 1381; Henderson v. City of Enterprise, 202 Ala. 277, 80 South. 115; Wallace v. City of Florence, 16 Ala. App. 506, 79 South. 267; City of Birmingham v. Wills, 178 Ala. 198, 59 South. 173, Ann. Cas. 1915B, 746.

McCLELLAN, J. [1] These appeals are jointly submitted for decision. The controversy common to them arises out of proceedings for street improvements and assessments therefor in the town of Russellville. No prejudice to the property owner attended the striking of the "pleas" mentioned in the transcript, the parties having later agreed to plead in short by consent "each and every ground of objection which the defendant filed against the assessment."

[2] The system for local street improvements and assessment therefor by municipalities (Code, art. 26) contemplates and requires the separate assessment of separate lots. Decatur Land Co. v. City of New Decatur, 198 Ala. 293, 73 South. 509; City of Selma v. Hobbs, 207 Ala. 420, 92 South. 900. This requirement was not observed in the proceeding under review. At the hearing, held by the council for that purpose, written objections—very general, not specific as to this particular matter—were seasonably filed by the property owners and, the council's minutes show, were considered by the council and denied for want of "evidence" to support any of the "objections." Code, section 1381, provides:

"*Written Objections or Defenses to Assessments; Filing of.*—The owners of any real estate or any interest therein, which it is proposed to assess for the cost, or any part thereof, of said improvement, may appear at any time on or before the date named in said notice, or at said meeting, and file in writing with the clerk or in his office any objections or defense to the proposed assessment against said property, or to the amount thereof, and persons who do not file objections in writing or protests against such assessment shall be held to have consented to the same."

[3] The concluding effect of that statute (section 1381) cannot be invoked where, as

here, written objections, however general, seasonably filed, were interposed; the statute predicating its operation upon the failure of "persons who do not file objections in writing or protests against such assessment." This statute, differently from others of like nature, does not require, as a condition to its concluding effect, that objections or protests shall specify the particular grounds upon which they are rested. The character of the statute (section 1381)—operating to conclude a property owner in respect of proceedings that culminate in subjecting his property to the lien the system provides—forbids a construction beyond the reasonable, fair effect of its terms. The subject of this statute's design and operation is accorded treatment in 2 Page & Jones on Taxation By Assessment, § 917. This court considered it in other aspects and effects in the Wills Case, 178 Ala. 198, 59 South. 173, Ann. Cas. 1915B, 746, and others in that line. The statute (section 1381) is not, therefore, applicable to the advantage of the municipality in the several proceedings now under review.

Not having observed the system's requirement for separate assessment of distinct lots, and the property owners having seasonably filed objections to the assessments, though without specifying this particular fault in the proceedings, the proceedings by the council were affected with error—an error that persists in the judgments of the circuit court —which are accordingly, for that error, reversed and the causes remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.