160 So.2d 475

**HILL REALTY COMPANY**

**v.**

**CITY OF MOUNTAIN BROOK.**

**6 Div. 655.**

Supreme Court of Alabama.

Jan. 30, 1964.

Cabaniss & Johnston, Drayton T. Scott and Meade Whitaker, Birmingham, for appellant.

**192**

Brown, Pointer & Pointer, Birmingham, for appellee.

COLEMAN, Justice.

This is an appeal by a property owner from a judgment granting the city's motion to dismiss the owner's appeal to the circuit court from an assessment levied by the city to pay the costs of an improvement made by the city on a street abutting the owner's property.

The record indicates that the learned trial judge based the dismissal of the appeal on the ground that the owner had failed to file an objection in writing as is required by § 535, Title 37, Code 1940, which recites as follows:

"§ 535. Written objections or defenses to assessments; filing of.—The owner or owners of any real estate or any interest therein, which it is proposed to assess for the cost, or any part thereof, of said improvement, may appear at any time on or before the date named in said notice, or at said meeting, and file in writing with the clerk or in his office any objections or defense to the proposed assessment against said property, or to the amount thereof, and persons who do not file objections or protests in writing against such assessment shall be held to have consented to the same."

As we understand the argument, the owner contends that he did timely file an objection in writing, and that, if he did not do so, the conduct of the city officials constituted a waiver of the statutory requirement. We do not consider the argument that the conduct of the city officials was such a waiver.

The city contends that the writing relied on by the owner is not a sufficient objection under the statute, and that, even if the writing be a sufficient objection, it was not filed at the proper time. The city's contention in this last respect is that the writing, even if sufficient, was filed prior to the time provided by law for filing such objection and, for that reason, the owner had failed to file a protest in writing as required by § 535.

The following matters appear in the transcript:

On July 13, 1959, the city council adopted Ordinance No. 300 which recites in pertinent part as follows:

"BE IT ORDAINED By the City Council of the City of Mountain Brook, Alabama, as follows:

"1. That 21st Avenue, South, from the city limits of the City of Mountain Brook, in an easterly direction to the west edge of the existing pavement on Cahaba Road, shall be improved and paved as follows:

\* \* \* \* \* \*

"3. The cost of constructing said improvements shall be assessed against the property abutting on the portions of the street so improved.

\* \* \* \* \* \*

"4. That the detailed estimate of cost on file in the office of the City Clerk aggregates $2,459.60, which amount is to be provided by assessing the cost thereof against said property as above stated, and the City Council of the City of Mountain Brook, Alabama, will meet on the 10th day of August, 1959, at 7:30 P.M. in the Council Chamber of the City Hall of Mountain Brook to hear any objections, remonstrances or protests that may be made against said improvements, the manner of making same, and the character of materials to be used."

On August 10, 1959, the council met, and Mr. Head, on behalf of the owner, appeared. The record recites that he:

" \* \* \* did protest the assessment of the cost of the proposed improvements against the abutting property on the grounds that the proposed improvements would not enhance the value of the property. \* \* \*

"Mayor Burr then explained to Mr. Head that this hearing was not for the purpose of hearing the protests to the amount of the assessments which might be levied but protests against the character of the improvements, materials to be used, etc. The City Attorney elaborated on this noting that it would be proper to register a protest at this hearing against any improvement of the property to be assessed against it. Mr. Head then confirmed his earlier statement that the Hill Realty Company objected to the improvement of the street if the cost thereof would be assessed against the abutting property."

Under date of August 12, 1959, Mr. Head, for the owner, mailed to the Mayor a letter which recites as follows:

"This will confirm the objection of Hill Realty Company voiced at the Mountain Brook Council meeting Monday night to the proposed improvement to 21st Street as contained in your Ordinance No. 300.

"As shown in the attached pictures, the north side of the road has curbing, gutter and sidewalk already installed and the proposed work cannot possibly enhance the value of the property owned by Hill Realty Company. If the City wishes to install gutter, curbing and sidewalk on the south side of the street where there is none at present we do not feel that the north side property owners should be required to participate in the cost of this.

"We strenuously object to the proposed work if any of the costs are to be assessed against Hill Realty Company.

" . . . . . . . . . . . . . . .
" . . . . . .      (Received August 13, 1959, AG)"

The city manager testified that the letter was received by him at City Hall. He did not recall that he ever brought the letter to attention of the council. The court sustained objection to introduction of the letter into evidence.

On September 14, 1959, bids were received and contract for the work was awarded.

On January 25, 1960, the council received a letter presenting final estimate of the

work and stating that all work had been performed. The council ordered that the contractor be paid for the work.

On March 14, 1960, the assessment roll was presented to the council. The council ordered that the city clerk "publish notices required by law that the assessment roll for street improvements on 21st Avenue South constructed under Ordinance Number 300 has been prepared and is open for inspection in the City Hall and that the City Council will hear any objections or defenses that may be filed to such assessments or the amounts thereof in the City Hall on April 25, 1960, at 7:30 P.M. * * *."

On April 25, 1960:

"The Council President pro tem announced that this was the time and place set to hear objections, remonstrances and protests to assessments proposed to be assessed under Ordinance Number 300 for improvements on that portion of 21st Avenue South lying within the corporate limits of the City of Mountain Brook, Alabama. He then inquired of the City Manager if notices had been sent out as required by law and if there were any written protests. The City Manager replied that notice had been given and that he had received one letter from Elizabeth and J. T. Honea as owners of Lot 7, Block 10, First Addition to South Highlands, which he read. This letter questioned the amount of $217.63 for six-inch concrete paving, $38.90 for four-inch concrete sidewalks, the amount charged for demolition, and the fact that the assessments as proposed to be levied did not provide for the City to pay 21 per cent of the cost of paving. He stated that no other written protests had been received. * * *."

The minutes further show that Mr. Head protested orally at this meeting. The meeting was adjourned to May 9, 1960.

On May 9, 1960, the assessment against appellant's property was made final.

We consider first whether the letter is a writing sufficient to state an objection under § 535, if timely filed.

The concluding effect of § 535 cannot be invoked where written objections, however general, seasonably filed, were interposed. This statute does not require, as a condition to its concluding effect, that objections or protests shall specify the particular grounds on which the objections are rested. The character of the statute forbids a construction beyond the reasonable fair effect of its terms. Wilson v. City of Russellville, 209 Ala. 617, 96 So. 870.

Giving effect to the plain terms of §§ 535 and 550, Title 37, Code 1940, it appears that the complaining property owner is entitled to have his day in court and to have adjudicated the issue of special benefit to his property in proportion to the assessment put upon it. No technical form seems necessary to this right. Wallace v. City of Florence, 16 Ala.App. 506, 79 So. 267.

§ 535 provides that the owner may file objection "to the proposed assessment against said property." We think the concluding sentence of the letter alone is an objection to the proposed assessment against appellant's property and are of opinion that the letter is a sufficient writing under § 535.

The city contends, however, that even if the letter be sufficient it was prematurely filed. The city contends that the objection could not be filed before the assessment roll had been prepared and filed.

We disagree. The statute says the owner may appear "at any time on or before the date named in said notice, or at said meeting, and file * * * any objections * *."

We are of opinion that Ordinance No. 300 did propose an assessment against this

appellant's property and did provide: "The cost of constructing said improvements shall be assessed against the property abutting on the portions of the street so improved."

Thereafter appellant filed its letter of objection, after the improvement had been proposed by Ordinance No. 300 and before the assessment was made final on May 9, 1960. This is all the statute requires of a property owner in order for him to preserve his right of appeal. As such, appellant's letter was neither premature nor late, but a timely objection within the meaning and intent of § 535 of Title 37. As the statute fails to clarify or define the proposed assessment it refers to, it is only logical and reasonable to conclude that it refers to any validly and legally proposed assessment which the city could propose.

Apparently, the city's contention would be answered if the owner had refiled the letter after the assessment roll had been prepared and filed in the clerk's office.

We are of opinion that the language of the statute which provides that objection may be filed "at any time" before the date for final hearing does not allow the restriction for which the city contends to be written into the statute.

■ We are of opinion that the court erred in sustaining objection to the introduction of the letter in evidence. Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325.

Being of the opinion that the letter constituted a sufficient writing and also that it was timely filed, all within the provisions of § 535, we hold that the court erred in dismissing the owner's appeal to the circuit court.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.