259 So.2d 277

**Richard W. JONES and Mamie J. Jones**

**v.**

**CITY OF HUNTSVILLE, a Municipal Corporation.**

**8 Div. 47.**

Court of Civil Appeals of Alabama.

Nov. 24, 1971.

Rehearing Denied Jan. 12, 1972.

Watts, Salmon, Roberts & Stephens, Huntsville, for appellants.

**598**

Morring, Giles, Willisson, Jefferson & Weir, Huntsville, for appellee.

WRIGHT, Judge.

On March 24, 1964, the City Council of the City of Huntsville, adopted Improvement Ordinance No. 64–81 for the purpose of installing a sewer system in a subdivision of the city known as Sherwood Park. Appellants owned Lot 12, in Block 2 in the subdivision. The ordinance was adopted in compliance with Title 37, Section 515, Code of Alabama 1940. Publication and notice of the ordinance was had in accordance with Title 37, Section 517, with the date and time for hearing of protests thereto being set for April 21, 1964.

Upon said date a representative of appellants and other property owners affected appeared and orally protested, and filed a written petition signed by appellants and others. This petition protested the ordinance on the basis that it was not needed. Other persons appeared before the council and expressed opinions pro and con as to the ordinance. These matters appear in the transcript of the proceedings before the council filed by the city in the circuit court.

The council proceeded with the ordinance, letting of the contract and the mak-

ing of final assessments against the property served by the sewer system, including the property of appellants, as provided by the statutes (Title 37, Sections 515–544).

Appellants made no further protest and failed to appear and protest the entering of final assessments after notice as provided by Title 37, Section 535. Assessment in the amount of $609.55 was made final against appellants' property, on January 13, 1966. Appeal from such assessment was filed by appellants on February 2, 1966. The statute authorizing appeals to the circuit court from final assessment is Title 37, Section 545.

Upon notice of appeal, the City of Huntsville-appellee, filed with the circuit court a transcript of all the proceedings of the city relating to the assessment as required by Title 37, Section 548. Appellants filed a motion to strike the transcript and to strike certain portions thereof which related to events occurring at the protest hearing of April 21, 1964. Appellee filed an amendment to the transcript which added thereto proceedings of the council had on March 2, 1966. The events of the meeting of March 2, 1966 resulted in a decrease of the assessment of appellants. Motion to strike was refiled and included portions of the transcript of the meeting of March 2, 1966.

Appellants' motions to strike were overruled. Demurrer to the transcript was filed and overruled. Appellants filed an answer consisting of fifteen pleas. Demurrer of appellee thereto was sustained except as to pleas 1, 2, 4 and 13.

Appellee filed a motion to dismiss the appeal on the ground that appellants had filed no protest to the final assessment as required by Title 37, Section 535, and thus were estopped to proceed further as provided by the statute. Appellee's motion to dismiss was denied. After granting of certain motions by appellants to produce, trial was begun before a jury on February 17, 1971. Verdict and judgment against appellants was for the sum of $582.57.

Appellants appealed, assigning fifty-six errors in the proceedings below. Appellee filed no cross-appeal.

The ruling of the trial court on the city's motion to dismiss and the failure of the City of Huntsville to appeal from that ruling presents a posture to the case which raised an interesting question of apparent first impression.

As herein previously observed, the transcript of the proceedings before the city council indicates that no written objections were filed by appellants in accordance with the provisions of Title 37, Section 535, Code of Alabama 1940. It appears that the only objections made were made at the April 21, 1964 meeting which first considered the initial Ordinance 64–81. Such objections are provided for in Title 37, Section 518 of the Code. Referring to the first hearing provided for in Section 518, it was stated in City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173 as follows:

"* * * As for the right to confirm, amend, modify, or rescind the original ordinance or resolution, the first hearing provided for by the statute is not jurisdictional, but advisory only. The statute does not contemplate at this point that any objections or protests going to the validity of the ultimate assessment shall be determined. It affords to property owners in general an opportunity to present in advance such objections as they may deem proper to the policy of constructing the work at all or in the manner proposed. The city council has a perfect right to proceed notwithstanding such protests as may then be made. * * * "* * * The only considerations upon which the property owner has a constitutional right to insist are these: That the improvement be undertaken by legislative authority, without which the attempt to assess its cost against property would be a usurpation of the power to tax, and that his property shall be benefited to an extent equal to the amount assessed against it. Whether his proper-

ty has been so benefited is essentially a judicial question upon which the property owner is entitled to notice and a hearing. * * *"

Thus it is clear that the petition filed by appellants on April 21, 1964, was not the "written objection or defense" to the proposed assessment or the amount thereof as provided in Section 535. The latter opportunity for filing objection or defense with a hearing thereon prior to the judicial determination of the amount of the assessment against appellants' property is that required by constitutional due process. City of Birmingham v. Wills, supra; Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325; Stovall v. City of Jasper, 218 Ala. 282, 118 So. 467.

Title 37, Section 535, Code of Alabama 1940 appears as follows:

"Section 535. Written objections or defenses to assessments; filing of.—The owner or owners of any real estate or any interest therein, which it is proposed to assess for the cost, or any part thereof, of said improvement, may appear at any time on or before the date named in said notice, or at said meeting, and file in writing with the clerk or in his office any objections or defense to the proposed assessment against said property, or to the amount thereof, and persons who do not file objections or protests in writing against such assessment shall be held to have consented to the same."

■ The last phrase of this section establishes what is termed "statutory estoppel." City of Birmingham v. Wills, supra. We think the failure of appellants to file written objections or defenses with the City of Huntsville after publication of notice of the filing of the assessment roll and the setting of a time and place for hearing objections was a waiver of objections or protests and amounted to an estoppel under the statute (Section 535). Appellants were estopped from further attacks upon the final assessment either by direct appeal or

by collateral attack, absent a pleading and proof of fraud. Wallace v. City of Florence, 16 Ala.App. 506, 79 So. 267; Wilson v. City of Russellville, 209 Ala. 617, 96 So. 870. However, estoppel must be pleaded. W. S. Brewbaker, Inc. v. McClinton, 37 Ala.App. 474, 70 So.2d 813.

■ The above quote from Wills and followed by the decision in Garner v. City of Anniston, 178 Ala. 430, 59 So. 654, is directly contrary to the decision of the Supreme Court in the case of Hill Realty Company v. City of Mountain Brook, 276 Ala. 191, 160 So.2d 475. This latter case does not refer to Wills or Garner and does not specifically overrule them in this aspect. Hill Realty Company held that a letter objecting to the proposed ordinance filed at the time of the first provision for objection found in Section 518, satisfies the requirements of Section 535 for filing of written objections and defenses. This holding appears to be founded upon the provisions of Section 535 which state that the owner "may appear at any time on or before the date named in said notice, or at said meeting and file * * *" (Emphasis supplied.) The court stated that the phrase "at any time" is to be construed as to include any objection filed at the initial hearing of the legislative phase of the total process. Such holding seems to us to ignore not only Wills but the requirements of the procedural statutes between the hearing on the enactment of the original ordinance and the entering of the individual's assessments on the assessment roll in the city clerk's office. It is only at this point in the total process that the judicial proceedings necessary for constitutional due process are begun. Section 535 must be read in pari materia with Sections 529 through 538. Section 531 provides for publication one time in a newspaper of the fact that the assessment roll consisting of the amounts assessed against each individual property owner has been filed in the clerk's office and is open for inspection. Such publication is further required by Section 532 to set a time and place not less

than twenty days from the date of publication, for the council to meet, hear and determine any objections or defense that may be filed to such assessment. The phrase "at any time" contained in Section 535, when considered together with the other statutes can mean nothing but that written objections to the individual amounts assessed may be filed at any time subsequent to the notice thereof and of opportunity to examine the assessment roll. Thus the property owner may check the amount assessed against his property when the assessment roll is filed in the clerk's office and may file his written objections thereto at any time thereafter "on or before the date named in said notice, or at said meeting * * *." To construe the statutes any other way would cause them to be totally unnecessary as jurisdictional requirements for final assessments and make the estoppel provisions of Section 535 a nullity. Under such construction the judicial hearing provided for in Section 535 would not even need to be held nor the individual appear at all as a prerequisite to the right of appeal provided by Section 545. The property owner having filed an objection to the enactment of the ordinance need take no further action but only wait until the council makes an assessment final and take an appeal within twenty days thereafter.

The council would be required to go back to the original enactment of the ordinance, which could have been several years prior to the final assessment and examine its records to determine if objections had then been filed, even though such objections were only to a legislative function and if worthy, could have no effect on the council's authority and actions except as to the number of the council required to vote for passage of the ordinance. Title 37, Section 518. No appeal from such action is available and it is entirely possible that one objecting at that time might not be an affected property owner at the time of final assessment.

Without belaboring the point further, and with all respect for those participating in the decision in Hill Realty Co. v. City of Mountain Brook, supra, we are constrained to believe the holding in City of Birmingham v. Wills, supra, to be the correct interpretation of Section 535.

Though appellee here properly presented a motion to dismiss on the ground of estoppel under Section 535 to the trial court, such motion was denied, undoubtedly because of the decision in Hill Realty Co. v. City of Mountain Brook, supra. It may be further assumed that the city did not appeal from the ruling on its motion to dismiss because of the holding in *Hill Realty*. We realize the matter of the conflict between the decisions in *Wills* and *Garner* on the one hand and *Hill Realty* on the other is not properly presented by this appeal, but we felt compelled to point it out and state our view in light of the fact disclosed by brief that there are several hundred companion cases pending in the court below. The ruling of the trial court on the motion not having been presented to us on appeal, we cannot consider its correctness here. So far as this Court is concerned the appeal by appellants was properly taken.

We now come to the interesting question previously referred to above. That question—as we see it is—There having been no objections or defenses presented by appellants before appellee as to the proposed assessment against their property or the amount thereof, but an appeal therefrom having been taken, what objections or defenses may be presented by appellants on such appeal?

We think the cases relative to what may be considered on an appeal properly taken are not clear. In Stovall v. City of Jasper, supra, we find the following statement:

"* * * There being no estoppel as provided by § 2196 (now Section 535) of the Code, for failure to file written objections and defenses, the circuit court on appeal will hear the property owner on his objections filed before the gov-

erning body of the municipality, on the evidence touching questions of fact: (1) Whether the assessment may be made against his property as part of the costs of an authorized public improvement; and (2) whether the amount assessed by the municipality is excessive, and is not an increased special benefit so resulting and derived from the improvement. This is necessary to due process. * * * At such hearing, the transcript from the municipality is the sufficient pleading to present the issues of fact, and its recitals and finding are, by legislative declaration, made prima facie correct, casting on the contestant the burden of proof; it is not indisputable. * * *

"* * * That is to say, the prima facie presumption of correctness inhering in the final assessment and apportionment of such cost of street pavement may be controverted by the evidence on the appeal, under the statutes and Constitution. * * *"

It does not appear in *Stovall* what specific original objections to the assessment were filed with the city, however, the sense of the quotation above appears to be that evidence relating to those enumerated questions of fact necessary to due process under the provisions of Sections 23 and 223 of the Alabama Constitution must be allowed in a direct attack upon the presumptive correctness of the assessment presented upon the filing of the transcript of the proceedings before the municipality.

This viewpoint is supported by the cases of Wilson v. City of Russellville, 209 Ala. 617, 96 So. 870; Wallace v. City of Florence, 16 Ala.App. 506, 79 So. 267; Hood v. City of Bessemer, supra, and Hill Realty Company v. City of Mountain Brook, supra.

These cases present the rule that any objection seasonably filed, no matter how crude or lacking in specificity, is sufficient to entitle the property owner to his day in court and to have adjudicated the issue of special benefit to his property in proportion to the assessment put upon it.

We think that in order for the property owner to have his "day in court" he is entitled to present any evidence in opposition to the prima facie case presented by the transcript and which may affect the assessment or the amount thereof. Such evidence would include any failure to comply with fundamental or jurisdictional requirements of the statutes directing the actions of the city in the making of the assessment. There always may be shown any fraud in fact or in law involving the entering into, the terms or amount of the contract for the improvements involved. In the absence of proof of fraud, the amount or details of the contract, or the total cost of the improvement, is not an issue except as it may be shown that such costs may include matters not lawfully chargeable as defined in Section 519, or that the assessment exceeds the cost thereof. The motive or wisdom of the exercise of the legislative or administrative power granted to the city by statute is not an issue.

The ultimate issue to be determined after considering all objections is whether or not such assessment exceeds the increased value of such property by reason of the special benefit derived from the improvement. Title 37, Section 545, Code of Alabama 1940. Hamrick v. Town of Albertville, 219 Ala. 465, 122 So. 448.

If the improvement consists of a sewer system, as in the instant case, it may be determined if the cost is assessed in fair proportion to the frontage of the property drained by said system. Title 37, Section 525.

We have discussed herein at length matters which we think were necessary to decision preliminary to consideration of the specific assignments of error. As a result, we consider we have thereby pretermitted the necessity of discussion of most of the assignments at length.

We shall first discuss those assignments of error relating to the sustaining of appellee's demurrer to certain of appellants' pleas. Section 550 eliminates the necessity of filing pleadings as it states in part as follows: "The said cause may be tried on the record without other pleadings and the court shall hear all objections of the property owners to said assessment and the amount thereof; * * *."

■ It was held in the case of Chenault v. City of Russellville, 233 Ala. 60, 169 So. 706, that though not required, formal pleading was permissible but error in sustaining demurrer to pleas would not reverse for that the same defenses could still be presented without the pleas. However, in the case now before us some of the pleas were allowed by the court as against demurrer and others were not. Without discussion of the individual pleas eliminated by the sustaining of demurrer, some of them presented proper matters in defense. For instance, plea 14 was a valid defense, evidence of which was proper for consideration under our holding in this opinion above. This plea was as follows:

"That the lawful costs, fairly apportioned, are less than the amount of the assessment against Appellants' property."

If formal pleading was to be allowed at all we hold it error to eliminate any valid plea by sustaining demurrer thereto. This ruling is particularly applicable in this case when examination of the transcript of the rulings of the court on admission of evidence, the oral charge to the jury and denial of requested written charges discloses that the issues raised by the eliminated formal pleas were not allowed to be presented throughout the trial. There are various rulings on admission of evidence and statements by the court in the presence of the jury which clearly delineate the attitude of the court. It is shown without question that the only evidence which was allowed to be presented to the jury was that concerning whether the special increased value of appellants' property due to the improvement was not exceeded by the amount of the assessment. In sustaining an objection to a question posed by attorney for appellants relative to how the costs of the improvement were allocated, the court made the following statement.

"Let the record show that I am sustaining objections to this line of questions because it is my judgment and finding that the order and finding of the City of Huntsville through their elected officials is a judicial determination of the amount due in relationship to the contract and work done. And further, this issue was not raised, in the opinion of the court, at the time the appeal was perfected and objections were made."

■ This statement by the court indicates that it considered the amount of the costs determined by the city to be assessed against the property owners as conclusive on the appeal and that no attack could be made thereon. To the extent previously stated herein, we think this ruling by the court to be prejudicial error and a denial of due process and requires a reversal.

■ During the trial, appellants attempted to introduce evidence as to the cost of the installation of that part of the sewer contiguous to their property. They have assigned as error the court's refusal to permit such testimony. They cite as authority the case of Jones v. City of Dothan, 230 Ala. 103, 159 So. 689. We do not consider that case applicable here. It involved a street paving assessment. The proration of the costs involved in a sewer improvement is controlled by Title 37, Section 525, and the cost of that part of the installation contiguous to the individual property has no direct bearing on the amount of his assessment. The court committed no error in this instance.

Appellant assigns as error the refusal of the trial court to grant a motion to strike certain portions of the transcript of the proceedings before the city council. The part of the transcript objected to is a short

narrative of comments and discussion between individuals appearing before the council at the first hearing prior to formal adoption of the improvement ordinance. Appellants particularly objected to statements credited to the county health officer relative to inefficiency of the septic tanks then serving the area involved. The statement narrated was that such tanks would not function satisfactorily for any length of time and if they failed and became a health hazard it would be his duty to require correction or abandonment of the property. Appellants insist these statements contained in the transcript which were allowed to go out with the jury, were extremely injurious to appellants and were not matters relating to appellants' property individually; that they were unsworn and not subject to cross examination; that they were irrelevant and immaterial to any issue in the case.

The trial court in its oral charge informed the jury that though all the transcript would be with them, those remarks were not to be considered by them and had no bearing on the issues.

Title 37, Section 548 provides that upon the taking of an appeal to circuit court the city clerk shall immediately send up "a transcript of all the proceedings of the municipality relating to such assessment, so far as the same concerns the property of the appellant. * * *"

This statute is the authority under which the trial court allowed the introduction of the matter complained of. Section 550 provides that the transcript shall serve as the complaint on appeal, and Section 549 provides that its introduction shall be prima facie evidence of the correctness of the assessment.

■ The purpose of the transcript is to show that all statutory requirements for a valid assessment were fulfilled and any matter contained therein other than the official acts of the council has no prima facie import of correctness. Anderson

v. City of Vestavia Hills, 272 Ala. 128, 130 So.2d 341; Ex parte City of Florala, 216 Ala. 351, 113 So. 312; Chenault v. City of Russellville, supra. Therefore, any matter other than the acts of the council relative to the property of appellant is irrelevant and immaterial. Certainly comments of persons consulted by, appearing before the council, or members of the council itself, as to the necessity of or the reason or motive for consideration or passage of the ordinance are irrelevant and immaterial. The authority for enactment of an improvement ordinance is vested by the legislature in the municipality and its discretion to exercise such authority is not subject to challenge. Hood v. City of Bessemer, supra; City of Birmingham v. Wills, supra; Hamrick v. Town of Albertville, 228 Ala. 666, 155 So. 87.

. Though the matters in the transcript complained of were immaterial as they related only to motive or reason for the enactment of the ordinance, the error of the court in not striking them does not appear injurious to any right or interest of appellants. The jury was fully instructed as to the limits of its consideration of the matters contained in the transcript and as to the particular matters complained of. This error is not sufficient for reversal. Chenault v. City of Russellville, supra.

■ . Appellants have further assigned as error the denial of a motion to strike certain portions of the amended transcript which amendment related to a meeting of the council on March 2, 1966. This was a meeting of the council after the taking of the appeal to the circuit court. At the meeting the amount of the total cost of the improvement charged to the properties affected was reduced in the amount of $5,252.50. This reduction resulted in reducing the amount of the appellants' assessment from $609.50 to $582.57.

Since appellants' motion to strike was not directed to the whole of the transcript of the March 2, 1966 meeting but only to portions thereof, our decision as to the er-

ror charged to this ruling of the trial court is the same as that immediately above. Though the matter related to was immaterial and subject to being stricken, refusal to so strike is not reversible error.

Appellants assign as error the court's oral charge wherein it was stated to the jury that it was the right of the city to correct the amount of the assessment even after the case is appealed. The court was referring to the decrease of the assessment as noted hereinabove. Appellants contend that upon the appeal being taken the authority of the city was exhausted and no change could be made by supplemental action. This was the apparent holding in the case of the City of Huntsville v. Pulley, 187 Ala. 367, 65 So. 405.

The facts of this cited case are not clear, but it appears therein that there was a new advertisement notice of assessment and hearing held to arrive at an entirely new assessment after appeal was taken from the original one. Such is not the situation here. The action of the city on March 2, 1966, subsequent to the filing of the appeal was merely to correct the assessment by reducing it, due to discovery of inequities in the determination of the costs. Such a correction was only a reduction in the amount shown due from appellants by the original complaint. We can conceive of no logical reason why one who has recovered a judgment below may not reduce the amount by claiming less upon the hearing of an appeal therefrom.

It appears to us that such is provided for by a portion of Title 37, Section 538. It is there stated that "The governing body shall have no power to reduce or abate an assessment made for public improvements after such assessments shall have been made final, unless an appeal shall have been taken from such assessments within the time prescribed by law, * * *." Such provision appears plainly intended to allow settlement of assessments after appeal, including reduction or total abatement.

It further appears that Section 551 is calculated to provide for corrections such as involved here. Section 551 clearly intends that technical irregularities or defects in the proceedings which results in an improper charge against the property of appellant may be considered, corrections made and judgment rendered for the properly chargeable amount on an appeal. Hamrick v. Town of Albertville, supra; City of Hartselle v. Culver, 216 Ala. 668, 114 So. 58.

We have stated that the question of the admission into evidence of the whole transcript of the meeting of the council of March 2, 1966, is not properly before us. The appeal in this case was from the final assessment of January 13, 1966. Upon consideration of Section 551 and its clear meaning, we do not consider the evidence by the city that they desired to correct the final assessment to a lesser figure on the appeal was in any manner injurious to any rights of appellants. The fact that there was an error and correction was proper could have been determined by the jury on appeal without any amendment by the city. Assuming the trial court's charge that the city had a right to amend its transcript after appeal to be perhaps technically incorrect, it appears to us that the city not only had the right but the duty to inform the court and jury that the amount of the original assessment was incorrect as it exceeded the amount of the proper costs of the improvements. We see no injury to appellants.

Continuing to follow Section 551, it is provided that if the assessment is determined to be incorrect upon appeal, but it is determined that expenses have been incurred which are proper charges against the property in question and judgment is rendered accordingly, the court may make such order for payment of costs as it deems proper. Since we think there was error requiring reversal and remandment for another trial, the assessment of costs will be for the determination of the trial court at that time.

Appellants assign as error the various rulings of the trial court on evidence offered and statements made by the court in the presence of the jury concerning the consideration of sales of equities in properties as comparable sales. Such "equity" sales were attempted to be offered into evidence by appellants as comparable sales to show the basis for the formation of the opinion of their expert witness who testified as to his opinion of the fair market value of appellants' property before and after the making of the assessed improvements. The trial court denied appellants the right to introduce evidence of comparable sales if such sales were of equities and not total cash sales.

■ We think the trial court in error in arbitrarily refusing to allow testimony from appellants' expert witness as to his consideration of sales of comparable property in the area of that of appellants in the formation of his opinion as to the fair market value of appellants' property. Such refusal being based, as stated by the court, solely for the reason that such sales were equity sales.

■ We understand, as did the trial court, the commonly accepted definition of an equity sale to be a sale for cash or equivalent of that portion of the total sales price exceeding the remaining balance of an outstanding mortgage or mortgages. In other words, a certain amount of the total price is paid in cash and the indebtedness outstanding against the property, by mortgage or other lien or liens is assumed by the purchaser. This Court takes judicial knowledge that a very high majority of home sales in this day of credit buying and selling, involves this type of transaction. The difference between the indebtedness against the property and the total market value the seller places on his property is commonly termed his equity in the property. No doubt the amount of such equity may be affected by various factors such as the term, interest rate and the amount of monthly or annual payments of the financing assumed. These matters are proper subjects for exploration on either direct or cross examination of the witness as to whether they were known and considered by him in reaching his opinion. On the other hand, since most purchases are financed by a purchaser, in deciding whether he will accept an offer to purchase a property for a total cash price, the type of financing available to him with which to complete the transaction may play a large part in what he is willing to pay for the property offered.

We do not consider that a purchse for a total cash price, a part of which has to be financed, would eliminate such sale from consideration as a comparable sale, assuming the properties to be reasonably comparable according to usual definitions. To paraphrase Nichols—Law of Eminent Domain, Section 21.1—Implicit in the acceptance of evidence of comparable sales is the fact that the sales are for cash or its equivalent, such as notes, bonds or mortgages.

■ The general rule in this state is that the basis of an expert's opinion as to fair market value may be shown either on direct or cross examination. If his opinion was formed after considering sales of other property, evidence of such sales voluntarily sold is admissible if the conditions surrounding the two tracts are similar, and if the sale was neither too remote in point of time nor of such character as to indicate that it did not represent the true value of the property. It has been recognized that much must be left to the discretion of the trial court as to the question of whether there is sufficient similarity between the properties as to render their comparison of value for the jury's consideration. Popwell v. Shelby County, 272 Ala. 287, 130 So.2d 170. This discretion does not appear to extend to the basic issue of the admissibility of such evidence vel non, but only as to whether the evidence offered so reasonably meets the criteria of similarity to the property involved

as to render it of value in aiding the jury in its consideration of the weight to be given the expert's opinion of fair market value. We think this view is supported by the court's opinion on rehearing in the case of McLemore v. Alabama Power Co., 285 Ala. 20, 228 So.2d 780.

It may have developed had the trial court not acted arbitrarily purely on its opinion as to the inadmissibility of evidence involving an "equity sale," that voir dire or cross-examination would have indicated such dissimilarities in the proffered sale, that in proper exercise of discretion the court could have disallowed it as failing to meet the test of a comparable sale. We find that the denial of evidence of sales which were considered by the expert witness in reaching his opinion of fair market value of appellants' property solely because they were "equity sales" was an abuse of discretion and was error as a matter of law. McLemore v. Ala. Power Co., supra; Knabe v. State, 285 Ala. 321, 231 So.2d 887; Nichols on Eminent Domain, Section 21.

Several assignments of error were to the sustaining of objection to questions asked of appellant, Mr. Jones, by his counsel as to the amount and interest rate of the mortgage presently on the assessed property. Objection was further sustained to a question as to whether it was an F.H.A. or V.A. loan. It is contended these questions were asked for the purpose of showing similarities of appellants' property to others which sales were considered by the appraiser in reaching his opinion of market value.

Questions as to similarities of properties considered with that of appellants were proper questions to be presented to the expert witness in explaining the matters considered by him in reaching his opinion, but testimony of these facts was not a matter for independent evidence by the property owners. The answers requested would have violated the best evidence rule and were in no way shown to have been communicated to the appraiser, nor whether if known, were considered by him in reaching his opinion of market value. Such evidence could only be considered for admissibility as part of the considerations of the expert witness in his approach to determining market value under the special rules of evidence as discussed in McLemore v. Ala. Power Co., supra. We do not here hold such evidence admissible per se even under such special rule. Such admissibility would address itself greatly to the discretion of the trial court in each instance. The court was not in error in these rulings assigned.

We have not attempted to respond to all the 56 errors assigned and argued. Many of them involved the same point of law though relating to a different ruling of the court. We have not written to the assignments by number. We believe that we have adequately written to the major propositions of law presented by the errors charged. Some of the rulings on the original trial should not arise on a new trial upon consideration of this opinion. Any errors not directly or indirectly settled as a result of this opinion are pretermitted.

For errors below the cause is reversed and remanded.

Reversed and remanded.