261 So.2d 754

**Frankie R. PUTNAM and Mary Lou Putnam**

**v.**

**CITY OF HUNTSVILLE, a Municipal Corporation.**

**8 Div. 58.**

Court of Civil Appeals of Alabama.

Jan. 12, 1972.

Rehearing Denied Feb. 23, 1972.

---

Watts, Salmon, Roberts & Stephens, Huntsville, for appellants.

Morring, Giles, Willisson, Jefferson & Weir, Huntsville, for appellee.

BRADLEY, Judge.

This appeal resulted from a decision of the Circuit Court of Madison County fixing the amount of a sewer assessment against the property of appellants at $582.57.

The assessment against appellants' property was imposed by the City of Huntsville through its ordinance 64–81. The ordinance was adopted for the purpose of installing a sewer system in the Sherwood Park subdivision of said City. Appellants' property is located in that subdivision.

This is the third case appealed to this court from sewer assessments imposed by the Circuit Court arising from the action of the City pursuant to this ordinance.

The most recent case involving this ordinance decided by this court is Jones v. City of Huntsville, 47 Ala.App. 595, 259 So.2d 277, decided November 24, 1971, reh. den. January 12, 1972.

In the *Jones* case there were 56 assignments of error and in the case at bar there were 58 errors assigned.

The majority of the errors argued in the present case were either identical to or so similar to those in the *Jones* case as not to warrant separate treatment here.

Hence assignments of error relating to the cost of the sewer project, the use of "equity sales" for comparable sales in arriving at before and after value, evidence as to the amount and interest rate of the mortgage on the property in question and whether it was a V.A. or F.H.A. loan for the purpose of showing the similarity of comparables in the area of appellants' property, the introduction into evidence of the transcript of the proceedings before the City Council, the portions of the oral charge which limited the jury's consideration to the special or super-added benefits accruing to the property as a result of the sewer improvement project, and the assessment by the trial court of the costs of court against appellants are controlled by the opinion of this court in *Jones,* supra. With the exception of the ruling relating to the cost of placing the sewer contiguous to appellants' property, the rulings of the trial court concerning the cost of the sewer project, the equity sales for comparables, and the oral charge limiting the jury's consideration to the special benefits accruing to the property and eliminating cost as an issue, as they did in *Jones,* require a reversal of the instant case.

Those rulings of the trial court not controlled by *Jones* will now be discussed.

■ Appellant contends that the trial court erred in allowing the jury to take to the jury room while it deliberated its verdict, the transcript of the sewer assessment proceedings had before the City Council.

Title 37, Section 548, Code of Alabama 1940, as Recompiled 1958, provides that the transcript of such proceedings shall be accepted on appeal to the Circuit Court in lieu of a formal complaint. And to permit the jury to refer to the pleadings in the case while they are deliberating on a verdict is not reversible error. Alexander v. Wheeler, 69 Ala. 332.

■ Appellants objected to the introduction into evidence of a drawing prepared by one of appellee's expert witnesses of a septic tank, and now contend that allowing such evidence to go to the jury was error. The appellee admitted that the drawing did not describe appellants' septic tank, but contended that it was descriptive of a "typical" septic tank. The appellee further contends that the sketch was an effort to explain the testimony of the expert witness, which at that particular moment concerned septic tanks.

Even though the drawing might not have been material to the issues involved in this case, we have not been convinced that error infected its submission to the jury.

■ There were several written charges that appellant had requested be given to the jury, but the trial court denied the request. Generally these charges concerned the difference between general and special benefits accruing to the property being assessed, and made the distinction that only special benefits are to be considered by the jury.

The principles of law enunciated in the requested charges were adequately covered by the trial court in its oral charge to the jury. Under such circumstances the refusal to give the requested charges to the jury was not error. Turner v. Blanton, 277 Ala. 536, 173 So.2d 80.

■ In their brief appellants also question the propriety of the trial court's overruling appellants' objection to the following question propounded to one of appellee's expert witnesses:

"Well, will you tell us in your judgment why there was a $500.00 increase?"

Appellants say the trial court erred in not confining the witness to the "before" and "after" value of the property in question.

The witness, an expert witness on the subject of property values, had, just prior to the above question, testified to the be-

fore and after value of the property belonging to appellants. This witness had also told the court how he had arrived at the before and after value.

The answer given to the above question further explained the basis of the witness' opinion as to the before and after values.

The witness related how the value of the utility of the sewer system as compared to the septic tank system accounted for the difference in the before and after value of the property in question.

This answer, as we view it, permitted the witness to further elaborate on the basis of his opinion of the before and after value of the property. He delineated the principal value, which, along with the other values involved, went to make up, according to his opinion, the before and after value of appellants' property.

We find no reversible error here.

For the errors hereinbefore pointed out, this case is reversed and remanded.

Reversed and remanded.

## ON REHEARING

New argument presented in the application for rehearing which was not presented to the court prior to its original decision cannot be considered. Kirkland v. Kirkland, 281 Ala. 42, 198 So.2d 771.

Several issues decided by the original decision are now presented to us again in the application for rehearing, but with new and different supporting argument; this new argument cannot now be considered. It comes too late.

The other issues argued in the application for rehearing were decided by the original decision of this court.

Opinion extended.

Application for rehearing overruled.