259 So.2d 288

In re Richard W. JONES et al.

v.

CITY OF HUNTSVILLE.

Ex parte Richard W. Jones et al.

8 Div. 472.

Supreme Court of Alabama.

March 9, 1972.

243

Watts, Salmon, Roberts & Stephens, Huntsville, for petitioners.

No opposing brief, for appellee.

LAWSON, Justice.

This is a petition by Richard W. Jones and Mamie J. Jones wherein it is prayed that we order the issuance of a writ of certiorari to the Court of Civil Appeals for the purpose of enabling this court to *revise* a "judgment" rendered by the Court of Civil Appeals in the case of Jones v. City of Huntsville, 47 Ala.App. 595, 259 So.2d 277, which was appealed to the Court of Civil Appeals from the Circuit Court of Madison County.

**244**

The petitioners do not pray that we reverse the judgment of the Court of Civil Appeals because petitioners were successful in having that court reverse the judgment of the Circuit Court of Madison County.

Petitioners actually want this court to revise certain statements contained in the opinion of the Court of Civil Appeals concerning cases previously decided by this court and to hold that the Court of Civil Appeals erred in refusing to reverse the judgment of the Circuit Court of Madison County on grounds other than those upon which the reversal was based.

Although the petition will not be granted, we deem it unadvisable in this instance to deny the petition without opinion lest the parties to this litigation, the trial court and the parties in several hundred similar cases presently pending in the Circuit Court of Madison County conclude that we are in accord with all that is said in the opinion of the Court of Civil Appeals.

The Court of Civil Appeals in its opinion points out that it did not have before it for decision the question whether the trial court erred in denying the motion filed by the City of Huntsville to dismiss the appeal of the property owners, yet it treats that question at length; expresses disapproval of our holding in Hill Realty Co. v. City of Mountain Brook, 276 Ala. 191, 160 So.2d 475; expresses approval of the holding of this court in City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, which it says is in conflict with our holding in *Hill Realty Co., supra*; and uses language which is subject to the construction that if the court had before it the question as to whether or not the City's motion to dismiss was properly denied, it would hold in the negative. We quote:

" . . . We think the failure of appellants to file written objections or defenses with the City of Huntsville after publication of notice of the filing of the assessment roll and the setting of a time and place for hearing objections was a waiver of objections or protests and amounted to an estoppel under the statute (Section 535). Appellants were estopped from further attacks upon the final assessment either by direct appeal or by collateral attack, absent a pleading and proof of fraud. . . . "

Since the language just quoted is not in conformity with our holding in Hill Realty Co. v. City of Mountain Brook, *supra*, we deem it advisable to observe that this court has not departed from any holding in that case and to observe further that the Court of Civil Appeals is without authority to overrule the decisions of this court. On the contrary, it is provided in the act which created that court that: "The decisions of the supreme court shall govern the holdings and decisions of the courts of appeals, . . . "—§ 10 of Act 987, approved September 12, 1969, Acts of Alabama 1969–70, Vol. II, p. 1744, the provisions of which section are carried in the 1969 Cumulative Pocket Part to Vol. 4 of the 1958 Recompiled Code of Alabama as § 111(10), Title 13.

In City of Birmingham v. Wills, *supra*, the complainant, Wills, made a collateral attack upon a local pavement assessment by filing a bill for the purpose of preventing by injunction the enforcement of the assessment. The trial court overruled a demurrer to the bill. The City of Birmingham appealed to this court. We reversed the decree of the trial court on the ground that the general demurrer interposed to the bill filed by Wills should have been sustained. In the opinion in *Wills* it is said: "Nor does it appear that complainant appeared *at any stage* of the proceeding for the purpose of interposing objections or defense." (Emphasis supplied) (178 Ala. 206, 59 So. 175) Despite the broad and sweeping language in the *Wills* opinion, we did not entertain the view when the opinion in Hill Realty Co. v. City of Mountain Brook, *supra,* was written that the holding in *Wills* should be applied to a factual situation not before the court

in that case. The complainant, Wills, unlike Hill Realty Company, had not filed an objection after the improvement had been proposed by an ordinance and before the assessment was made final.

 Hill Realty Co. v. City of Mountain Brook, *supra,* was decided by this court on January 30, 1964, approximately two months before the City Council of the City of Huntsville adopted its improvement ordinance of instant concern and approximately three months before the petitioners here filed their written petition protesting the said ordinance. We think it reasonable to assume that counsel for petitioners, as well as counsel for other persons similarly situated, could well have relied upon our holding in Hill Realty Co. v. City of Mountain Brook, *supra,* as being the law of this state on the subject and attempted to comply therewith. To depart from the holding of Hill Realty Co. v. City of Mountain Brook, *supra,* at this juncture would, in our opinion, be a travesty of justice, albeit to do so might result in removing from the Circuit Court of Madison County and perhaps ultimately from the dockets of the appellate courts of this state several hundred cases now pending.

The foregoing relates to the first three of petitioners' so-called assignments of error which have been made, as heretofore stated, because of the apparent disapproval by the Court of Civil Appeals of our holding in Hill Realty Co. v. City of Mountain Brook, *supra.*

We see no occasion or justification for responding to the other so-called assignments of error made by petitioners other than to say that this court does not review the application of the doctrine of harmless error by a court of appeals unless authorized by statement of facts in the opinion, which is not the case here. Harris v. State, 247 Ala. 194, 23 So.2d 514; Cable-Burton Piano Co. v. Thomas, 228 Ala. 112, 152 So. 468; Campbell v. State, 216 Ala. 295, 112 So. 902.

We wish to point out that we do not have before us for review the rulings of the trial court which the Court of Civil Appeals indicated in its opinion that the City of Huntsville could have appealed to that court from the rulings of the trial court overruling the City's motion to dismiss the property owners' appeal to the circuit court. We do not agree. See Mabry v. Dickens, 31 Ala. 243; Elks Lodge Decatur Lodge No. 655, v. State ex rel. Slate, 264 Ala. 223, 86 So.2d 396. We repeat what has been said frequently, that the denial of a petition for writ of certiorari by this court does not necessarily constitute approval of all that is said in the opinion of the intermediate appellate court sought to be reviewed.

Petition for writ of certiorari denied.

HEFLIN, C. J., and MERRILL, COLEMAN, HARWOOD, BLOODWORTH, MADDOX and McCALL, JJ., concur.