Richard Stover, plaintiff, appeals from a summary judgment in favor of the defendant, Alabama Farm Bureau, in Stover's suit for breach of an employment contract. The issue on appeal as stated by Stover is:
 "Did the trial court err in granting summary judgment in the case where the Supreme Court had previously considered, in an application for rehearing, the matters presented to the trial court in the second motion for summary judgment?"
Stover has narrowly framed the issue so that we need not consider whether on the merits summary judgment was appropriate. Our only inquiry is whether the trial court was precluded from granting summary judgment because of this Court's decision in a prior appeal by these parties. The answer to this question depends upon what issues were raised and addressed on the first appeal.
Stover sued Farm Bureau for breach of an employment contract. Farm Bureau moved for summary judgment on the ground that Stover's employment was based upon an employment-at-will contract and was therefore terminable at any time, with or without cause. The trial court granted summary judgment on the basis that, other than the services to be rendered by Stover, the evidence showed no other valuable consideration, such other valuable consideration being necessary in order to have an enforceable contract for permanent employment.
Stover appealed and this Court reversed, holding that there was some evidence of a valuable consideration given by Stover and, therefore, that summary judgment was inappropriate,Murphree v. Alabama Farm Bureau Ins. Co., 449 So.2d 1218 (Ala. 1984). Farm Bureau filed an application for rehearing and asserted that even if the trial court's stated reason for granting summary judgment was wrong, summary judgment was appropriate because (1) the agent of Farm Bureau who made the alleged contract was without authority to make a contract for permanent employment and (2) the evidence showed nothing more than an employment at will.[1] The application for rehearing was overruled.
Farm Bureau then made a second motion for summary judgment in the trial court, advancing the lack-of-agent authority theory and the employment-at-will theory as grounds. Summary judgment was again granted, but no reasons were stated.
Initially, Farm Bureau asserts that the judgment should be affirmed because Stover's brief on appeal does not comply with A.R.App.P. 28 (a)(5), specifically, that the brief contains neither a citation of authority nor a reason why a ruling on one motion for summary judgment bars consideration *Page 253 
of a subsequent motion for summary judgment on a different ground. Stover did not file a reply brief in an attempt to comply with the rule, but did move to file a supplemental brief so that he could comply with the rule.
We overrule that motion because we are not going to affirm the judgment on that basis. However, we take this opportunity to again admonish against a practice this Court has seen with increasing regularity. See, Eady v. Stewart Dredging Construction Co., 463 So.2d 156 (Ala. 1985). Appellants who fail to comply with A.R.App.P. 28 (a) place themselves in a perilous position. While we attempt to avoid dismissing appeals or affirming judgments on what may be seen as technicalities, we are sometimes unable to address the merits of an appellant's claim when the appellant fails to articulate that claim and presents no authorities in support of that claim. Under appropriate circumstances we will refuse to consider the appeal.
It is unclear whether, when the trial court first granted summary judgment, that court implicitly ruled against Farm Bureau on its employment-at-will theory. By granting summary judgment on the lack-of-consideration ground, the trial court could have implicitly concluded that the agreement was not for an employment at will but was otherwise unenforceable for lack of consideration or could have concluded that, assuming there was a contract for permanent employment, the agreement was unenforceable for lack of consideration.[2] However, we need not resolve this question, because it is clear that the trial court never addressed the issue of lack of authority of Farm Bureau's agent to bind the company. It is equally clear that while the lack-of-authority theory was discussed in Stover's original brief it was not expressly presented to this Court as a vehicle by which we could affirm the summary judgment until Farm Bureau filed its application for rehearing.
While it is true that this Court will sometimes affirm a summary judgment for reasons different from those stated by the trial court, Bank of Southeast v. Koslin, 380 So.2d 826 (Ala. 1980), there is nothing in our prior opinion that indicates we considered the lack-of-agent authority ground for granting summary judgment. The fact that Farm Bureau in its application for rehearing advanced that theory and that it was proper to affirm the summary judgment on that theory does not mean that we reached the merits of that argument. New supporting arguments presented for the first time on rehearing generally will not be considered. Putnam v. City of Huntsville,48 Ala. App. 33, 261 So.2d 754 (1972). Accord, Kirkland v.Kirkland, 281 Ala. 42, 198 So.2d 771 (1967). In light of our failure to address the lack-of-agent authority issue in our prior opinion, we conclude that the trial court was not precluded from entertaining a motion for summary judgment on that theory.
AFFIRMED.
ALMON, SHORES and BEATTY, JJ., concur.
FAULKNER, J., concurs in the result.
[1] Farm Bureau's original brief did discuss the lack-of-agent-authority and employment-at-will theories but did not expressly argue that this Court could affirm the grant of summary judgment on either or both theories.
[2] This Court also did not expressly address the question of whether there was a contract of permanent employment or whether there was an employment at will contract.