On Remand from the Alabama Supreme Court

WISE, Judge.
Earnestine Fletcher pleaded guilty to one count of first-degree theft of property, a violation of § 13A-8-3, Ala. Code 1975. She was sentenced to 15 years’ imprisonment; however, that sentence was suspended and she was ordered to serve 48 hours in the county jail. Pursuant to her negotiated plea agreement, Fletcher also agreed to pay $200,000 restitution, plus interest at the statutory rate, amortized over a 15 year period.[1] This Court affirmed Fletcher’s conviction and sentence, by an unpublished memorandum. Fletcher v. State (No. CR-99-1059), 778 So.2d 869 (Ala.Crim.App.1999) (table). On March 30, 2001, the Alabama Supreme Court reversed that part of this Court’s judgment affirming the amount of restitution Earnestine Fletcher was ordered to pay and the method of payment. See Ex parte Fletcher, 849 So.2d 900 (Ala.2001). That Court ordered this Court to remand the cause to the trial court with instructions that that court “hold any further proceedings and to enter any supplemental orders that are necessary in order for the trial court to comply with the ARVCA [the Alabama Restitution to Victims of Crimes Act] in a manner consistent with this opinion.” 849 So.2d at 911.
Because this Court is bound by the decisions of the Alabama Supreme Court, § 12-3-16, Ala. Code 1975, and “is without authority to overrule the decisions of that court,” Jones v. City of Huntsville, 288 Ala. 242, 244, 259 So.2d 288, 290 (1972), we are required to follow the holding of the majority in Ex parte Fletcher, and to remand this case to the trial court for further proceedings consistent with that opinion. However, this Court would note with approval the following language from Justice Brown’s dissent:
‘While the majority opinion states that Fletcher is not entitled to specific performance of the terms of her guilty plea as she claimed to understand them, the effect of the majority opinion is to force the trial court to accept a plea under terms the trial court would not have accepted in the first instance-terms more favorable to Fletcher than those the trial court was willing to accept.
[[Image here]]
“If Fletcher truly entered her guilty plea without a full understanding of her potential obligations as they might be imposed by the trial court — if there was no meeting of the minds-then she should have sought to withdraw her *914 plea. Although she did not do this, she is now, nevertheless, being allowed to dictate the terms of her plea.”
849 So.2d at 911-12.
In accordance with the majority opinion in Ex parte Fletcher, this Court remands this cause to the trial court for proceedings consistent with that opinion. However, because this case is being remanded for further proceedings on the question of the amount of restitution Fletcher can pay and the method of its payment, the trial court is instructed to follow the recommendation of Justice Brown, namely, to “inquire into a particular matter that is relevant to the question of Fletcher’s ability to pay restitution — what became of the considerable sum of money Fletcher, by entering her guilty plea, admitted to stealing.” 849 So.2d at 912.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB and BASCHAB, JJ., concur. SHAW, J., concurs in the result.

. Fletcher was charged with two counts of first-degree theft of property. Count One of the indictment charged Fletcher with the theft of $214,658.17 from the City of Decatur; Count Two charged her with the theft of $148,124.52 from the City of Decatur, for an aggregate total of $362,782.69. In exchange for Fletcher’s plea, the State recommended that Count Two of the indictment be dismissed.

 Note from the reporter of decisions: On October 18, 2002, on return to remand, the Court of Criminal Appeals affirmed, without opinion.