WISE, Judge
(concurring specially).
I concur with the main opinion remanding this case to the trial court for that court to conduct a hearing “to determine the admissibility of Jackson’s extrajudicial statement,” as required by the Alabama Supreme Court. However, I write to express my agreement with the following language from Justice Stuart’s dissent:
“After considering the totality of the circumstances surrounding Jackson’s statement, I conclude that the State met its burden of proving that Jackson made his statement voluntarily after having made a voluntary and knowing waiver of his Miranda rights. The record does not indicate that Jackson was threatened or coerced into giving a statement. Neither the motion to suppress nor Jackson’s objections at trial indicate that Jackson had additional evidence to present on this matter. Signore’s misrepresentation alone did not render the statement involuntary. The weight and preponderance of the evidence support the trial court’s denial of the motion to suppress.
“Because Signore’s misrepresentation was the sole ground upon which Jackson claimed that his statement was involuntary, and because my review of the record indicates that Signore’s misrepresentation did not render the statement involuntary, I believe the trial court’s error in not conducting a hearing was harmless. Rule 45, Ala.R.App.P. I do not believe that speculation and conjecture that Jackson might have wanted to testify, without his having made such a proffer to the trial court regarding additional conflicting evidence, supports a remand.”
836 So.2d at 978. Nonetheless, because this Court is bound by the decisions of the Alabama Supreme Court, see § 12-3-16, Ala.Code 1975, and “is without authority to overrule the decisions of that court,” Jones v. City of Huntsville, 288 Ala. 242, 244, 259 So.2d 288, 290 (1972), we are required to follow the holding of the majority in Ex parte Jackson, and to remand this case to the trial court for further proceedings consistent with that opinion.