WISE, Judge
(concurring specially).
I reluctantly concur with the main opinion’s reversal of the juvenile court’s finding of delinquency based upon its finding that B.H. was guilty of first-degree sodomy, based on the holding of the Alabama Supreme Court in Ex parte J.A.P., 853 So.2d 280 (Ala.2002). However, I write to urge the Supreme Court to revisit its holding in Ex parte JA.P.
This Court is bound by decisions of the Alabama Supreme Court, see § 12-3-16, Ala.Code 1975, and “is without authority to overrule the decisions of [that] court.” Jones v. City of Huntsville, 288 Ala. 242, 244, 259 So.2d 288, 290 (1972). Thus, we have no choice; we must reverse the juvenile court’s finding of delinquency and render a judgment in B.H.’s favor as to that charge. In my opinion, the facts in this case establish that the 5-year-old victim was either physically compelled or psychologically coerced into participating in a sex act with her 15-year-old uncle. However, the holding in Ex parte J.A.P. prevents him from being held accountable for this reprehensible conduct. The Supreme Court should revisit its holding in Ex parte J.A.P. at its earliest convenience in order to prevent injustices such as this from occurring in future cases.