WISE, Judge,
concurring specially.
I reluctantly concur with the main opinion’s remand of this case to the circuit court for further proceedings based on the Alabama Supreme Court’s holding in Ex parte Cole, 842 So.2d 605 (Ala.2002).
I recognize that this Court is bound by decisions of the Alabama Supreme Court, see § 12-3-16, Ala.Code 1975, and “is without authority to overrule the decisions of [that] court.” Jones v. City of Huntsville, 288 Ala. 242, 244, 259 So.2d 288, 290 (1972). Thus, we have no choice but to remand this case for further proceedings to determine whether the appellant consented to “amending” his indictment, regardless of the fact that the record clearly indicates that the appellant was “aided by another person actually present” at the time the robbery was committed. See § 13A-8-42(a), Ala.Code 1975.

On Return to Remand

PER CURIAM.
On March 21, 2003, this Court remanded this case to the circuit court with directions for that court to make specific, written findings of fact as to whether the trial court obtained Hill’s consent to amend the indictments against him to add the allegation that another person aided him in the robbery, thus allowing Hill to plead guilty to second-degree robbery as a lesser-included offense of the charged offense of first-degree robbery. The circuit court complied with our instructions and on September 2, 2003, entered a written order in which the court made “specific findings of fact relating to each material issue of fact presented,” as required by Rule 32.9(d), Ala.R.Crim.P. The court found that Hill consented to the amendment of the first-degree robbery indictments so they charged the lesser-included offense of second-degree robbery. The court found that there was a factual basis for Hill’s pleas to second-degree robbery. The record on return to remand also included a transcript of the guilty-plea proceedings, which clearly established that Hill was aided in the robberies by another present at each offense.
Although the record indicates that Hill consented to the amendment of the first-degree robbery indictments so that they charged the lesser-included offense of second-degree robbery, Hill’s indictments for first-degree robbery do not allege facts indicating that he was aided in this offense by another participant, and the record fails to establish that the indictments were ever amended to include these facts. See Ex parte Cole, 842 So.2d 605 (Ala.2002). Therefore, the circuit court did not have jurisdiction to accept Hill’s guilty pleas to charges of second-degree robbery, and its denial of his Rule 32 petition was in error. See Toliver v. State, 881 So.2d 1070 (Ala.Crim.App.2003); Childers v. State, 899 So.2d 1023 (Ala.Crim.App.2003).
Based on the foregoing, the judgment of the circuit court denying Hill’s Rule 32 petition is reversed, and his case is remanded for that court to vacate his convictions for second-degree robbery.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur. WISE, J., concurs specially, with opinion.