WISE, Judge,
concurring specially.
I reluctantly concur with the main opinion’s reversal of the circuit court’s dismiss *331 al of Hill’s Rule 32, Ala.R.Crim.P., petition, challenging his convictions and sentences for second-degree robbery, based on the holding of the Alabama Supreme Court in Ex parte Cole, 842 So.2d 605 (Ala.2002), and this Court’s decision following Ex parte Cole, Toliver v. State, 881 So.2d 1070 (Ala.Crim.App.2003). However, I write to urge the Supreme Court to revisit its holding in Ex parte Cole.
This Court is bound by the decisions of the Alabama Supreme Court, see § 12-3-16, Ala.Code 1975, and “is without authority to overrule the decisions of [that] court.” Jones v. City of Huntsville, 288 Ala. 242, 244, 259 So.2d 288, 290 (1972). Thus, we have no choice but to reverse the circuit court’s dismissal of Hill’s Rule 32 petition and remand this case for that court to vacate his convictions for second-degree robbery, despite the fact that the plea colloquy indicated a factual basis for the acceptance of Hill’s guilty pleas to second-degree robbery. The plea colloquy clearly indicated that Hill was “aided by another person actually present” at the time the robbery was committed. See § 13A-8-42(a), Ala.Code 1975. Although the colloquy did not specifically indicate that the indictments were being amended to add the fact that Hill was aided in the robberies by other persons, it is clear that the parties were attempting to do so. Nevertheless, based on Ex parte Cole, the court’s attempt to comply with the spirit of the law was insufficient, thus mandating reversal of the circuit court’s judgment. In my opinion, Ex parte Cole elevates form over substance, and the Court should revisit this decision at its earliest convenience.