I reluctantly concur with the main opinion's reversal of the circuit court's denial of Broadnax's Rule 32, Ala.R.Crim.P., petition, challenging his convictions for capital murder and his sentence of death, based on the holding of the Alabama Supreme Court in Ex parte Rhone,900 So.2d 455 (Ala. 2004), and subsequent decisions applying that holding. However, I write to urge the Supreme Court to revisit its holding in Ex parte Rhone, and, further, to amend Rule 32.7 so as to give some finality to a Rule 32 petitioner's pleadings.
This Court is bound by decisions of the Alabama Supreme Court, see § 12-3-16, Ala. Code 1975, and "is without authority to overrule the decisions of [that] court." Jones v. City ofHuntsville, 288 Ala. 242, 244, 259 So.2d 288, 290 (1972). Thus, we have no choice; we must reverse the circuit court's order denying Broadnax's Rule 32 petition and remand this case for that court to allow Broadnax to amend his Rule 32 petition yet again to add new allegations of ineffective assistance of counsel and for the court to enter a new order addressing those allegations.
In my opinion, the Supreme Court's holding in Ex parteRhone has expanded the scope of Rule 32.7(b) far beyond the plain language of that rule. Rule 32.7(b) provides: "Amendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment." (Emphasis supplied.) Thus, the plain language of Rule 32.7(b) creates no absolute right to amend a petition, only a conditional right, left to the sound discretion of the circuit court.
I believe that allowing a petitioner the unfettered right to amend his Rule 32 petition — without first requiring any showing of diligence or a showing that the underlying facts were unknown to the petitioner before the Rule 32 petition was filed — opens a Pandora's box. Such a decision will, in my opinion, lead to a flood of frivolous amendments to Rule 32 petitions, the consequence of which will be unnecessary delays in the resolution of meritorious claims, as well as the creation of yet more problems for an already overburdened and understaffed judicial system. There must be a point at which the claims presented to a court are sufficiently settled so as to allow a court to render a decision with some degree of finality.[4] Although I acknowledge newly appointed counsel's right to investigate the previously filed claims and the right to amend in the event counsel finds an additional ground for relief, counsel failed even to advise the court of *Page 643 
the proposed additional grounds at the time she filed the motion to amend. Nor did she file a copy of the amended Rule 32 petition with her motion. Although counsel did specify her claims during the hearing on her motion to amend, the hearing did not occur until 38 days before the scheduled evidentiary hearing, barely enough time to allow the State the requisite 30 days to file its response to the amendment, much less to fully prepare to address these new claims at an evidentiary hearing. The end result of allowing an eleventh-hour amendment would be yet another continuance and further delay in litigating the petitioner's claims.
Nevertheless, based on Ex parte Rhone, the circuit court erred in denying of Broadnax's request to amend his Rule 32 petition, thus mandating reversal of the circuit court's judgment. Because I believe that Ex parte Rhone
unnecessarily expands the scope of Rule 32.7(b), I would urge the Supreme Court to revisit that decision at its earliest convenience. I further urge the Supreme Court to consider amending Rule 32.7(b) to establish specific guidelines and time periods governing amendments to Rule 32 petitions.
[4] For this reason, Rule 32.7(b) should be amended to set out the circumstances under which a Rule 32 petition may be amended, as well as to establish a specific time period beyond which an amendment to a Rule 32 petition will not be entertained. Such an amendment to Rule 32 would clarify the Supreme Court's intent and be instructive to all parties involved in Rule 32 proceedings.